JAMES R. TINKCOM *vs.* WILLIAM F. LEWIS & others.

Nov. 17, 1874.

**Redemption by Junior Mortgagee, from Foreclosure Sale.**—When, upon foreclosure by advertisement of a mortgage embracing two parcels of land, such parcels have been separately sold to the mortgagee, at a separate price for each, a junior mortgagee of one of the parcels can redeem from the sale that parcel only which is embraced in his mortgage.

**Same—In case the Junior Mortgagee has foreclosed his own Mortgage.**—The rule is the same when such junior mortgagee has foreclosed his mortgage by advertisement, and has purchased, at the foreclosure sale, the parcel embraced in his mortgage.

**Same—Original Instrument Evidencing Lien may be produced to the Sheriff.**—When a lien-holding creditor, seeking to redeem from a foreclosure sale, produces to the sheriff the original instrument evidencing his lien, with the certificate of record endorsed thereon, this is a sufficient compliance with the statute which requires the production of a certified copy of such instrument.

**Same—Affidavit of Amount due on Lien must be produced.**—A computation, made by the sheriff and the lien-holding creditor, of the amount due on the latter's lien, is not a compliance with the statute requiring such creditor, desiring to redeem, to produce to the sheriff an affidavit of himself or his agent, showing the amount then actually due on his lien. Without the production of such affidavit, the attempted redemption is invalid.

Plaintiff held two mortgages, each embracing a tract of 80 acres in section 13, and another tract in section 12, township 106, range 28, in Blue Earth county. Defendants Lewis & Shaubut held a mortgage, of later date than either of plaintiff's mortgages, on the 80 acre tract in section 13. Plaintiff foreclosed his two mortgages by advertisement, the sales taking place March 15, 1871. At each sale, the mortgaged tracts were sold separately to the plaintiff, at a separate price for each, the aggregate price of both tracts at each sale being the amount due on the mortgage under which they were sold, with costs, etc., and the price paid for each tract at each sale was stated in the certificates of sale received by plaintiff, which were duly recorded. On March 25, 1871, defendants Lewis & Shaubut foreclosed their mortgage by sale pursuant to advertisement, and purchased the premises mortgaged to them, viz: the 80 acres in section 13, at a price equal to the amount due on their

mortgage, with costs, etc., receiving the usual certificate of sale, which was duly recorded.

No attempt at redemption from any of the sales was made by the mortgagor, whose time for redemption from the sale to plaintiff expired March 15, 1872. On March 12, 1872, defendants Lewis & Shaubut filed with the register of deeds of the county, a written notice of their intention to redeem *all* the lands sold to plaintiff on the foreclosure of his mortgages. On March 18, 1872, Lewis & Shaubut, (being still owners of the certificate of sale issued to them, as above mentioned, and no one having redeemed from the sale to them,) at the office of the register of deeds, produced to the defendant Diamond, sheriff of the county, and the same sheriff who made the foreclosure sales, a certified copy of their notice of intention to redeem, and also produced to him the original certificate of sale to them of the 80 acres in section 13, with the certificate of record thereon, and notified him that the mortgage to them, upon the foreclosure of which their certificate was issued as before mentioned, might be examined there. The sheriff and the defendant Lewis thereupon computed the amount due plaintiff on his two certificates of sale, and also the amount of Lewis & Shaubut's claim on the 80 acres under their certificate, for the purpose of ascertaining the amount due them, and to satisfy the sheriff of their right to redeem. They did not produce to the sheriff any affidavit of the amount due on their lien. The computation having been made, Lewis & Shaubut paid to the sheriff the full amount necessary to redeem all the lands from both sales to plaintiff, and received from him a certificate of redemption of all the lands from both sales, which certificate was duly recorded. On March 20, the sheriff handed to plaintiff the amount so paid on such redemption; but plaintiff refused to accept it, and afterwards brought this action in the district court for Blue Earth county, to cancel the certificate of redemption and the record thereof, and for other relief. *Hanscome*, J., before whom the case was tried without a jury, found the foregoing facts,

and, as conclusions of law, 1. That Lewis & Shaubut had a right to redeem all the premises included in their redemption certificate ; 2. That they did so redeem ; 3. That defendants were entitled to judgment. From the judgment entered upon these findings the plaintiff appeals. The statutory provisions involved in the case are printed in the margin.[1]

*Wilkinson & Pitcher*, for appellant.

*D. A. Dickinson* and *Brown & Wiswell*, for respondents, upon the point that Lewis & Shaubut had a right to redeem all the lands mortgaged and sold to plaintiff, cited 2 Washb. R. P. 66, 67, 68, 110, 152–3, 162–3 ; Crabb, R. P. §§ 2266, 2273–4 ; 1 Hilliard, R. P. 418–9 ; 1 Hilliard on

[1] Gen. Stat. ch. 81, § 11. Whenever any sale of real property is made under a power of sale contained in any mortgage, the officer shall make and deliver to the purchaser a certificate under his hand and seal, containing * * * *Third*, the price paid for each parcel sold separately.

SEC. 12. Such certificate * * shall, upon the expiration of the time for redemption, operate as a conveyance to the purchaser, or his assigns, of all the right, title and interest of the mortgagor in and to the premises named therein, at the date of said mortgage, without any other conveyance whatever.

SEC. 13. The mortgagor, his heirs, executors, administrators or assigns, * * * may, within twelve months after such sale, redeem such property, as hereinafter provided, by paying the sum of money for which the same was sold, together with interest on the same, at the rate of seven per cent. per annum from the time of such sale.

SEC. 14. Redemption shall be made as follows : The person desiring to redeem shall pay to the person holding the right acquired under such sale, or for him to the sheriff who made the sale, or his successor in office, the amount required by law for such redemption, and shall produce to such person or officer : *First*, a certified copy of the docket of the judgment or the deed of conveyance or mortgage, or of the record or files evidencing any other lien under which he claims the right to redeem, certified by the officer in whose custody such docket, record, or files shall be. * * * *Third*, an affidavit of himself or his agent showing the amount then actually due on his lien.

SEC. 15. The person or officer from whom such redemption is made, shall make and deliver to the person redeeming, a certificate under his hand and seal, containing : *First*, the name of the person redeeming, and the amount paid by him on such redemption; *Second*, a description of the sale from which such redemption is made, and of the property redeemed; *Third*, stating upon what claim such redemption is made, and if upon a lien, the amount claimed to be due thereon at the date of redemption. * * * If such redemption is made by the owner of the property sold, his heirs or assigns, such redemption annuls. the sale; if by a creditor holding a lien upon the property, or some part thereof,

Mortgages, 59, 300, 371–2, 402–3 ; 2 do. 460 ; 2 Story Eq. Jur. § 1023 ; Willard Eq. 447 ; 4 Kent, 159, 160 ; *Taylor* v. *Porter*, 7 Mass. 355 ; *Gibson* v. *Crehore*, 5 Pick. 146, 152 ; *Matter of Willard*, 5 Wend. 94 ; *Cheesebrough* v. *Millard*, 1 John. Ch. 409 ; *Penn* v. *Atlantic & G. W. R. Co.*, 11 Am. Law Reg. (N. s.) 576, (Sept. 1872.); *Dubois* v. *Hepburn*, 10 Pet. 1 ; *Briggs* v. *Seymour*, 17 Wis. 255, 263 ; *Williams* v. *Lash*, 8 Minn. 512 ; *Internat. Life Ins. Co.* v. *Scales*, 27 Wis. 640 ; *Goodman* v. *White*, 26 Conn. 317 ; *McCabe* v. *Bellows*, 7 Gray 148 ; *Raymond* v. *Pauli*, 21 Wis. 531 ; *Donnelly* v. *Simonton*, 7 Minn. 167 ; *Daniels* v. *Smith*, 4 Minn. 172 ; *Jackson* v. *Crafts*, 18 John. 110 ; *Kortright* v. *Cady*, 21 N. Y. 343 ; *Arnot* v. *Post*, 6 Hill, 65 ; *Edwards* v. *Farmers' Ins. Co.*, 21 Wend. 467 : that the statute regulating redemptions is merely directory, *People* v. *Coon*, 14 Barb. 259, 290 ; s. c. 8 N. Y. 67 ; *Slayton* v. *Hulings*, 7 Ind. 144 ; *Wheeler* v. *Chicago*, 24 Ill. 108 ; *King* v. *Inhabitants*, etc., 2 Ad. & El. 99 ; *People* v. *Holley*, 12 Wend. 481 ; 1 Hilliard R. P. 413 ; 1 Hilliard on Mortgages, 67, 139 ; Crabb R. P. § 2262 ; 2 Story Eq. § 1019 ; Potter's Dwarris on Stats., 222, 224 ; Cooley Const. Lim. 78 : that the statute should be liberally construed in favor of redemptions, *Williams* v. *Lash*, 8 Minn. 496, 512 ; *People* v. *Ransom*, 2 Hill, 51, 58 ; *Marchant* v. *Langworthy*, 6 Hill, 646 : that the proceedings of Lewis & Shaubut were a substantial compliance with the statute, *Bank* v. *Warren*, 7 Hill, 91 ; *Wood* v. *Morehouse*, 45 N. Y. 368 ; *People* v. *Ransom*, 2 Hill, 51.

YOUNG, J. Each of the plaintiff's mortgages embraced not only the eighty acres in section 13, included in the mortgage to the defendants, but also the sixty-five acres in

said certificate * * operates as an assignment to him of the right acquired under such sale, subject to such right of any other person to redeem, as is, or may be, provided by law.

SEC. 16. If no such redemption is made, the senior creditor having a lien, legal or equitable, on the real estate or some part thereof, subsequent to the mortgage, may redeem within five days after the expiration of said twelve months ; * * provided that no creditor shall be entitled to redeem, unless, within the year allowed for redemption, he files notice of his intention to redeem in the registry of deeds where the mortgage is recorded.

section 12 ; but this circumstance gave the defendants no right to redeem the latter tract from the foreclosure sales, each tract having been separately sold at a separate price. If the defendants, as junior mortgagees of the eighty acres in section 13, had attempted, before foreclosure, to redeem this tract from the plaintiff's mortgages, and in order to effect such redemption had been obliged to pay off, and had paid off the entire mortgage debts, in such case the defendants would be permitted in equity to succeed to the plaintiff's rights, and to stand in his place, not only in respect of the eighty acres subject to their own junior mortgage, but in respect of all the lands subject to the mortgages which they had paid off. The payment and redemption would have operated, not as a satisfaction and discharge of the plaintiff's mortgages, but as a purchase by the defendants, and an equitable assignment to them, of those mortgages and the mortgage debts, which, for their benefit, would be treated as still subsisting liens. The same result would follow from a similar redemption by the defendants after a foreclosure of the plaintiff's mortgages by suit to which they were not parties, their rights being in no way affected by the decree or by the sale under it. As to them, the mortgages would be considered as not foreclosed, but as still subsisting liens, and the purchaser at the sale as a mere assignee of the mortgages. And as such a redemption would be a redemption from the mortgages, and not from the sales, the redeeming creditors would be obliged to pay the full amount of the mortgage debts, without regard to the amount for which the land sold. In such case, the defendants' right to redeem the sixty-five acres in section 12, would rest solely on the ground that the two tracts were united in subjection to the lien of a single mortgage, for a single and indivisible debt, which the defendants must pay as an entirety, as a condition of the exercise of their right to redeem the eighty acres in section 13 on which they had a lien. They would be allowed to redeem land on which they had contracted for no lien, simply because they could

not in any other way redeem the land mortgaged to themselves, and protect the lien secured to them by their contract with the mortgagor.

But the statute, (Gen. Stat. ch 81,) provides for the sale of the mortgaged lands, not for a sale or assignment of the mortgage ; for a redemption of the property sold, not of the property mortgaged ; and the redemption is made from the purchaser as purchaser, not as assignee of the mortgage ; and by the payment of the amount of his bid at the sale, with interest, whether this sum be more or less than the amount due on the mortgage. The purchaser at such a sale does not become an assignee of the mortgage, which is satisfied, in whole or in part as the case may be, by the sale. In this case, the lands sold for the full amount due on the plaintiff's mortgages, with costs, etc., and the sales therefore operated as a payment in full of the debts due the plaintiff, and a satisfaction and discharge of his mortgages. *Berthold* v. *Holman*, 12 Minn. 335. The plaintiff having availed himself of the privilege of purchasing at the sale, allowed him by § 10, ch. 81, thenceforth stood in the same position as any other purchaser. The right acquired by him as such purchaser was subject to be defeated by a redemption by the owner within twelve months from the sale, in which case the sale would be annulled, and the estate sold would have revested in the mortgagor, free alike from any lien of the satisfied mortgage and from the plaintiff's rights as purchaser. (§ 15.) No such redemption having been made, each certificate of sale operated, at the expiration of twelve months from the sale, as a conveyance to the plaintiff, as purchaser, of all the estate of the mortgagor in the premises sold, at the date of the mortgage. (§12.) That is, the plaintiff then became the owner in fee of both tracts, subject to the right of redemption of any other person, as provided by law. (§§ 15, 16.)

This right of redemption, given by § 16 to creditors, being a right to redeem the real estate sold from the sale,—not to redeem the real estate mortgaged from the mortgage,—the

creditor seeking to redeem must have a lien on the real estate, sold or some part thereof. The two tracts were sold separately, at a separate price for each, and this fact is stated in the certificates of sale. By § 15, a redemption by a lien-holding creditor "operates as an assignment to him of the rights acquired under such sale." The creditor's right of redemption is the right to buy the purchaser's interest, at the price paid by him, with seven per cent. interest from the date of the sale. Had these tracts been sold to different purchasers, it is difficult to see in what manner the purchaser of the eighty acre tract would be prejudiced, or what right of his would be infringed, if the defendants, as creditors holding a lien upon this tract, had offered to redeem it at the statutory price, without offering to redeem the sixty-five acres in section 12, which had been sold to a different purchaser, and on which they had no lien. Nor could the purchaser of the eighty acres in any way prevent the defendants from making such redemption. The rights and interests of the purchasers of different tracts at a foreclosure sale, are several and entirely distinct. They have no common interest whatever. After the expiration of a year, they own separate tracts of land by different titles, each tract subject to redemption by a creditor holding a lien upon it, or upon some portion of it. Neither purchaser is assignee of the mortgage or of the mortgage debt or any portion of it, and neither has any right to require that the redeeming creditor shall pay the mortgage debt. On the other hand, as the defendants would have a right to redeem the eighty acres on which they had a lien, and which had been separately sold, without redeeming the sixty-five acres on which they had no lien, and without paying anything more than the price of the land redeemed, with interest, there is no reason why they should be permitted to redeem such other tract. And as the plaintiff's position as purchaser is the same as would be that of any stranger who had purchased at the sale, so the defendants' right of redemption under the statute is the same that it would be, had the two tracts been sold to

different purchasers, and a separate certificate given to each. The defendants might redeem the tract on which they had a lien, without redeeming a different tract on which they had no lien, although both had been sold as separate tracts to the same purchaser; and this right is recognized, and its exercise provided for, by the enactment in § 11, that the certificate of sale shall specify "the price paid for each parcel sold separately."

From the opinion incorporated with the findings, it appears that the district court considered that this case was within the rule of equity governing the redemption of senior mortgages by junior encumbrancers. The same position is taken by the defendants' counsel, and the cases cited by them are instances of the application of this rule to redemptions before foreclosure, or to redemptions from sales under a decree of foreclosure, by junior encumbrancers not parties to the suit. But the necessity from which sprang this rule of equity does not exist where a junior creditor is at liberty to redeem the land on which he has a lien, by paying merely the prior liens on that land alone; and the doctrine of the authorities cited has no application to redemptions from sales upon statutory foreclosures, depending as they do entirely on the statute, which, in this particular, fully protects the right which it confers. The defendants' right of redemption was therefore confined to the eighty acres in section 13 on which they had a lien.

The defendants' position as purchasers at the sale upon the foreclosure of their own mortgage, is somewhat equivocal. The land on this occasion, as well as on the foreclosure of the plaintiff's mortgages, brought the full amount due on the mortgage under which it was sold, with costs, etc. There is accordingly great difficulty in holding that the defendants, who had purchased at the sale, were "creditors holding a lien" on the eighty acres; for the mortgage debt was satisfied by the sale, and the purchaser at a mortgage sale does not become a *creditor* of the mortgagor in the usual sense of the word. It is true that he is said to have a lien

on the land purchased, to secure the amount of his bid, and the mortgagor, seeking to redeem, must pay this amount with interest; but the mortgagor is under no obligation to make such redemption. The purchaser has the same lien as against a junior encumbrancer, who must redeem, if at all, on the same terms; but there is clearly no relation of debtor and creditor between the purchaser and such junior encumbrancer. On the other hand, there are equal, if not greater difficulties in the way of holding that, during the year following the sale, such purchaser is an "assign" of the mortgagor, within the meaning of § 13, so that he may (and must, if he redeem at all,) redeem the land purchased by him, from a sale under a prior foreclosure, within a year from such prior sale. In the present case, the answer alleges an attempted redemption by the defendants, as assigns, within a year from the sale to plaintiff, and a second attempted redemption by them, as creditors, after the expiration of the year. The district judge has not found that the former attempt was made, and the validity of the latter is the only question before us. This latter redemption was attempted by the defendants in the only character in which they could redeem, after the lapse of a year from the date of the sale to the plaintiffs, viz, as "creditors holding a lien." Assuming that they had a right to redeem in that character, their redemption must be tested by the provisions of ch. 81, before cited, governing redemptions by creditors.

The sections of ch. 81, which confer the right of redemption, and regulate its exercise, are, like the rest of the statute, crude and imperfect. Being of a remedial character, they should receive such liberal construction as will advance the remedy, and extend rather than restrict the right of redemption. *Williams* v. *Lash*, 8 Minn. 496. We are therefore inclined to hold that it was sufficient for the defendants to produce to the sheriff the original certificate of sale to themselves, with the certificate of record endorsed thereon, instead of producing a certified copy of the certificate. The purpose of the provision requiring the production of the documents

mentioned in subdivisions one and two of § 14 was to furnish the sheriff with evidence of the right of the assignee or creditor to redeem, ( *Williams* v. *Lash*, *supra*,) and a creditor ought not to suffer for producing better evidence than the law requires.

But by no allowable liberality of construction, can we hold that the computation made by the defendants and the sheriff " of the amount of Lewis & Shaubut's claim on the eighty acres," is equivalent to the affidavit required by the third subdivision of § 14. The right of redemption from sales upon foreclosure by advertisement is wholly the creature of the statute ; and while we would construe the statute liberally in favor of the mortgagor and redeeming creditors, we cannot dispense with or repeal its positive terms. Merely formal deviations or irregularities may be overlooked ; but there must be a substantial compliance with the express requirements of the statute, in order to a valid redemption. The language of § 14 is clear and imperative. The person desiring to redeem shall produce to the sheriff   *   *   " Third, an affidavit of himself or his agent, showing the amount then actually due on his lien." The object of this requirement is to provide the evidence whereby a junior creditor may know the amount necessary to be paid to the senior creditor, upon a redemption from him. *Williams* v. *Lash*, *supra*. The statute is defective in not providing expressly for a delivery to the sheriff of the proofs produced before him, or for their preservation by him or by any other person ; but this is an additional reason why we should not construe away the only protection given to the junior creditor, by the provision which requires the oath of the senior creditor or his agent to his statement of the amount actually due on his lien. *People* v. *Ransom*, 4 Denio, 145 ; s. c. 2 N. Y. 490 ; *People* v. *Becker*, 20 N. Y. 354 ; and see *Smith* v. *Miller*, 25 N. Y. 619 ; *Gilchrist* v. *Comfort*, 34 N. Y. 235. The plaintiff might, so far as his own rights are concerned, have waived the production of the affidavit and the other formal proof ; but he is not affected by the sheriff's

waiver, the sheriff not being in any sense his agent. *Horton* v. *Maffitt*, 14 Minn. 289; *Davis* v. *Seymour*, 16 Minn. 210. The attempted redemption of the eighty acres by the defendants, as creditors, was therefore invalid, for want of the affidavit required by the statute.

The judgment of the district court is reversed, and the case remanded for judgment for the plaintiff for the relief demanded in the complaint.