# H. B. WILLIS *vs.* JACOB JELINECK.

## July 20, 1880.

**Redemption from Foreclosure Sale—Rights of Creditors.**—The right of redemption given to a senior creditor by Gen. St. 1866, c. 81, § 16, when once vested, becomes a property right, which cannot be divested against the consent of the creditor without due process of law.

**Same—Judgment Lien on Undivided Interest of Heir—Parol Proof of Death and Heirship.**—A judgment lien upon an undivided interest of real estate is a lien upon some part thereof, within the meaning of said section 16, sufficient to uphold the right of redemption given by that section. Upon an issue as to the existence of a right of redemption, founded upon a judgment against one of the heirs of a mortgagor decedent, intestate, no administration having been had upon the estate, the facts showing such death and heirship may be proved by parol.

**Levy on Personalty held not a Satisfaction.**—A levy upon sufficient personal property to satisfy a judgment does not operate as a satisfaction thereof, when the property so levied on has already been transferred to and is held by an assignee of the judgment debtor, for the benefit of creditors, and such levy is subsequently released, and the property returned to such assignee, at the request and for the benefit of such debtor.

**Assignment of Judgment—Clerical Error.**—Where, upon the face of a written assignment of a judgment, the identity of such judgment plainly appears, notwithstanding an erroneous statement therein as to the date of its rendition and docketing, the error will be treated as a mere clerical one and disregarded.

**Notice of Intention to Redeem—Filing.**—The statute, (Gen. St. c. 81, § 16,) which requires notice of an intention to redeem to be filed in the office of the register of deeds where the mortgage is recorded, is sufficiently complied with when such notice is left in the office of such officer, and is thereupon by the register recorded and indexed.

**Redemption from Deputy Sheriff.**—A redemption allowed to be made from a sheriff, under Gen. St. c. 81, § 14, may be made from a deputy in charge of the office of the sheriff, in the absence of the sheriff himself.

**Effect of Certificate of Redemption as Evidence.**—A certificate of redemption given pursuant to the provisions of Gen. St. c. 81, § 15, and in conformity therewith, is *prima facie* evidence of the fact of a redemption, and of the truth of its recitals, so far as they relate to matters required to be stated in such certificates by that section.

Action of ejectment, tried in the district court for Ramsey county before *Brill,* J., a jury being waived. Judgment was

ordered for the defendant, a new trial was denied, and plaintiff appealed.

*Palmer & Bell*, for appellant.

*John B. & W. H. Sanborn*, for respondent.

CORNELL, J. Action to recover possession of certain real estate, both parties claiming title under a sale upon a foreclosure by advertisement of a mortgage given in April, 1867, by one Mary A. Haus and her husband. The sale was made by the sheriff, October 17, 1876, to one Richmond, who became the purchaser, and received the usual certificate of sale and purchase. It is admitted by the pleadings that no redemption was had within the twelve months next after the sale, by any of the parties who were entitled to redeem under the provisions of Gen. St. 1866, *c.* 81, § 13. Plaintiff's claim is that no redemption whatever has ever been made under either section 13 or 16 of said chapter, though the time allowed therefor has expired, whereby the rights acquired by the purchaser at said sale, and evidenced by the certificate, have ripened into an absolute title, which is now held by plaintiff. On the part of the defence, the claim is that the property was duly redeemed from such sale, within the five days allowed by law, under said section 16, by one Fink, the defendant's lessor, as a senior creditor, who had a lien upon an undivided estate or interest in the premises, by virtue of a judgment rendered and docketed April 1, 1875, against one Vitt, who had acquired a title to such undivided interest, derived from the mortgagor subsequent to the mortgage. Said judgment was rendered in the district court of Ramsey county, in favor of Elias S. Higgins and Nathaniel D. Higgins, partners as E. S. Higgins & Co., plaintiffs in the action, and was assigned, as defendant alleges, by them to one Sanborn, and by the latter to said Fink, who claims to have been the owner thereof at the time of his alleged redemption.

The cause was tried by the court without a jury, and the issues presented for trial, it will be seen, involved the right of Fink to redeem under the statute, (Gen. St. *c.* 81, § 16,)

and also the fact of his alleged redemption and its validity. In respect to the first point, the contention is that such right, if it ever existed, had been cut off by the repealing act of March 3, 1877, (Laws 1877, c. 121,) which, it is claimed, had the effect of abrogating entirely the provisions of section ·16 aforesaid, and all Fink's rights thereunder. The answer to this position is that, prior to the passage of this repealing enactment, the lien of the judgment which Fink had acquired and held had already attached to the property; and if it was sufficient to entitle him to redeem as a senior judgment cred-·itor, it secured to him the right, in case no redemption was had under section 13 by any of the parties therein designated, within the time therein prescribed, to redeem upon complying with the conditions of sections 14 and 16 of said chapter of the General Statutes, and thereby to acquire, from the holder of the certificate of purchase, all the rights which he had obtained from the purchase, and then held under such certificate of purchase, by paying therefor the amount of the purchase-money, and interest. This was a vested, valu-able property right, of which Fink could not be divested or deprived without his consent, except by due process of law, and hence it was not and could not be affected by the repealing act of March 3, 1877.

The suggestion that, the lien of the judgment upon which Fink's redemption was founded being only upon an undivided interest in the property, it therefore gave no right of redemption, is met by the statute, which enacts in express terms that "if no such redemption is made," (*i. e.*, none under section 13,) "the senior creditor having a lien, legal or equitable, on the real estate, or *some part* thereof, subsequent to the mortgage, may redeem," etc. An undivided interest in real estate is "some part" of it, within the meaning of this statute, liberally construed, as it must be under the decisions of this court. *Williams* v. *Lash,* 8 Minn. 441 (496;) *Tinkcom* v. *Lewis,* 21 Minn. 132.

Upon the trial, defendant was permitted, against plaintiff's

objection, to prove by parol that the mortgagor, Mary A. Haus, died intestate in 1871, leaving her surviving her husband and five children, her sole heirs at law; that her estate had never been administered on, and that she left no debts outstanding against her estate; and, further, that four of her said children, together with her said husband, joined in executing and delivering to said Vitt, the judgment debtor named in the judgment under which defendant claimed the right to redeem, on the 6th day of May, 1872, a good and sufficient deed of conveyance to pass to him, and his heirs and assigns, all the interest and estate in said mortgaged property which had become vested in them by reason of the death of the said mortgagor. This was competent evidence for the purpose of showing that Vitt had an estate or interest in the mortgaged property, which became subject to the lien of the judgment against him by virtue of which Fink claimed the right to redeem the premises from the sale under the mortgage. Under the law regulating the descent of real property, the equity of redemption which remained in the mortgagor at the time of her death immediately passed to her husband and children, subject only to the payment of her debts, if any; and it was competent for the latter to convey whatever estate or interest they thus acquired, without waiting for administration upon her estate. The ruling of the court below upon the admission of this evidence was not error.

The objection that the judgment against Vitt was satisfied prior to the redemption, by reason of a levy on execution upon sufficient personal property to satisfy the same, is fully met by the finding of the court that there was actually due and unpaid thereon the sum of $694.78; and the evidence contained in the record before us sustains the finding, without reference to the presumption in its favor which arises from the fact that the settled case does not purport to disclose all the evidence that was given on the trial. The evidence included in the case justifies the conclusion that the personal property so levied on had already been transferred by the judgment debtor

to his assignee, Kiefer, for the benefit of his creditors, and that the assignee had the possession of the property at the time the levy was made. It further shows a subsequent release of the levy, and a return of the property to the assignee, under an arrangement to which Vitt was a party, by virtue of which the property was afterwards disposed of for his benefit, and that it was a part of this arrangement that the judgment was to be assigned to Fink, to hold as a lien upon the real property of the debtor, to indemnify him and his associates against liabilities they had incurred for him under said arrangement. Upon no principle or authority can a levy and release under such circumstances be held to operate as a payment. The presumption of payment which arises from the fact of a levy upon sufficient property of the judgment debtor to pay the debt, is rebutted by the facts themselves. *First Nat. Bank* v. *Rogers,* 15 Minn. 381. Upon these facts, Vitt cannot be heard to repudiate the validity of the arrangement, because he has participated in its benefits; and the plaintiff in this case cannot assail it, for he is claiming solely under Richmond, the purchaser at the mortgage foreclosure sale, and his legal rights, therefore, antedate and are wholly unaffected by the transaction.

Fink's right to redeem is further assailed, on the ground that the written assignment from Sanborn to him was insufficient to pass the title to the judgment, because of the erroneous reference therein to it as a judgment entered and docketed the 18th day of April, 1875, instead of April 1st, as was the fact. That this was merely a clerical error of description, incapable of misleading any one under the circumstances, manifestly appears upon the face of the assignment itself, and also from the other facts proved beyond question and undisputed. In such assignment the action is entitled the same as in the assignment from the plaintiffs therein to Sanborn. The latter is described in it as the assignee of the above-named plaintiffs, and of the judgment in said entitled action, and professes to transfer the same to Fink. Sanborn

executed it on the 16th day of June, 1875, and filed it, together with the assignment to himself, on the same day, with the clerk of the court wherein the judgment was rendered, as a paper relating to the same judgment; and the clerk made a note of both said assignments on the docket of said judgment. Sanborn acted for Fink and as his attorney in making the redemption from the sheriff, and then produced both assignments as links in Fink's title to said judgment; and it also appears that he took the assignment to himself, and made the one to Fink, under the arrangement entered into between Vitt and his creditors, and Fink and his associates, at the time the levy was released, and to carry out the same. In view of these facts, it is clear that the court committed no error in receiving the assignment in evidence, treating the wrong date as a clerical error that worked no prejudice, and in his finding that Fink was the owner of the judgment.

The objection that the notice of intention to redeem, being only recorded and indexed in the office of the register of deeds, was not, therefore, filed in that office, within the meaning of the statute, is without merit. The former includes the latter, and answers all the purposes intended by the statute.

It remains to consider whether Fink made the redemption from the proper officer, and substantially complied with the requirements of Gen. St. *c.* 81, § 14, in making it. As to the first point, the redemption was made from the deputy sheriff, at the time in charge of the office of the sheriff, the latter being absent. This was right, as was settled in *Williams* v. *Lash,* 8 Minn. 441 (496.) In respect to the matter of a redemption from a sheriff who has made a sale upon a mortgage foreclosure, the law treats the sheriff as an officer, and not as a person acting in his individual capacity.

Upon making the redemption in this instance, the officer from whom it was made duly made, acknowledged, and delivered to Fink a certificate of redemption, in strict conformity with the provisions of Gen. St. *c.* 81, § 15, and it was recorded

in the office of the register of deeds of the proper county on the same day. This certificate was put in evidence on the trial, and it was *prima facie* evidence of the fact of redemption, and of the truth of its recitals, so far as they related to any facts required to be stated in such a certificate by that section. The facts therein stated, if true, show a substantial compliance on the part of Fink, in making his redemption, with the requirements of said section 14. None of them were controverted or questioned by any evidence given on the trial, except the statement that the deed to Vitt embraced the interests of all the heirs of Mary Ann Haus, which was shown to be untrue as to Alice, one of the heirs. This, however, was an immaterial matter, as Fink's right of redemption was the same whether the entire equity of redemption was vested in Vitt by that deed, or only a part of it.

The findings of the court, therefore, upon this branch of the case must be sustained, though the additional proofs allowed to be made upon the trial, against the objections of the plaintiff, in reference to what was done by Fink in the way of compliance with the provisions of said section 14, are wholly excluded and stricken from the case. As the reception of such proofs did not prejudice the plaintiff, the rulings thereon, whether right or wrong, are of no consequence as affecting the question before us of granting or refusing to grant a new trial.

Order affirmed.