FRANCIS MARTIN *vs.* JAMES L. SPRAGUE and others.

January 6, 1882.

**Foreclosure—Homestead—Assignment of Certificate of Sale to Wife of Mortgagor.**—Sprague and wife mortgaged two lots of land to Greene. One lot was the homestead of the mortgagors. An instalment of interest on the mortgage debt falling due, Greene foreclosed, and upon foreclosure sale both lots were sold in one parcel, for the amount of such interest then due, Greene becoming the purchaser. Before the expiration of the year given for redemption, Mrs. Sprague purchased from Greene the interest acquired by the latter under the foreclosure sale, and received from him an assignment in form of his sheriff's certificate of sale, together with the mortgage. No redemption was made by the mortgagors. Martin, as the assignee of a judgment against Sprague, which became a lien upon the unexempt lands of the latter, after the giving of the mortgage, but before the foreclosure, took the steps prescribed by the statute to make redemption of both lots from Mrs. Sprague, as the assignee of the purchaser. The transaction between Mrs. Sprague and Greene considered, and *held* to constitute an assignment, and not a redemption, and that the interest acquired by her was subject to the right of redemption by creditors, as provided by statute.

**Same — Redemption by Judgment Creditor.**—*Held,* that, by the mortgage, the homestead right was relinquished as to the mortgagee and those who, through the ordinary proceedings in foreclosure, should acquire rights under the mortgage; that the statutory right of redemption by creditors was an incident to the mortgage, and the mortgage must be deemed to have been made with reference to the exercise of such right; that Martin, having a lien by judgment upon one of the two lots mortgaged and sold in one parcel, had a right to redeem both lots, as an entire tract, from the sale, and thereby become subrogated to the rights of the purchaser or his assignee; that by the redemption in question Martin became vested with the fee in both lots.

Cross appeals from a judgment of the district court for Hennepin county, where the action was tried by *Young,* J., without a jury.

*Chas. J. Bartleson,* for plaintiff.

*Samuel R. Thayer,* for defendants.

DICKINSON, J. This action, being at issue upon the complaint and answer, was submitted to the court below for judgment upon an

agreed statement of the facts. The facts are as follows: In January, 1879, James L. Sprague was the owner of lots 11 and 12, in block 4, of Highland Park addition to Minneapolis. Upon lot 12 was a dwelling-house, in which Sprague and his wife, Angeline M., then and ever since resided, and that lot constituted his homestead under the laws of this state. It is of the value of $2,000. Lot 11 is unimproved, and is of the value of $400. In January, 1879, Sprague and his wife mortgaged the whole property to one Greene to secure the payment of the sum of $1,200. An instalment of interest falling due and not being paid, Greene proceeded to foreclose the mortgage under the power contained therein. The foreclosure sale was made on the 22nd day of November, 1879, and both lots were sold in one parcel, Greene being the purchaser, for the sum of $132.75. Greene received and placed on record the usual sheriff's certificate of sale. On the 19th day of November, 1880, Mrs. Sprague paid to Greene the amount for which the property had been sold, with interest, and took from Greene assignments of the certificate of sale and of the mortgage, and placed the same on record in the office of the register of deeds. The money paid to Greene by Mrs. Sprague was furnished to her by her husband. In July, 1879, one Littler recovered a judgment against Sprague for $122.24, which was docketed in the district court, and became a lien upon the real property of the debtor. excepting the homestead. November 18, 1880, Littler sold and assigned his judgment to the plaintiff, Martin. Martin, having complied with the requirements of the statute as to redemptions from mortgage sales by judgment creditors, on the 24th day of November, 1880, for the purpose of making redemption, paid to the sheriff of the proper county the sum necessary to make redemption,—that is, the amount for which the property had been sold on foreclosure sale, with interest,—and received from the sheriff the statutory certificate of redemption.

Upon these facts, the rights of the parties plaintiff and defendant, in respect to the property, being in question, judgment was rendered adjudging the plaintiff to be the owner of lot 11 in fee; that defendants had no title or interest therein, and that plaintiff recover possession of it; that the defendants were the owners in fee of lot 12;

and that plaintiff had no interest therein. Both parties appealed from the judgment. We are called upon to consider the legal effect of the transaction with Greene on the 19th of November, 1880, and to determine whether it should be construed as an assignment of the right held by Greene under the certificate of sale, leaving the right of redemption by a judgment creditor of the mortgagor unextinguished, or as a redemption from the sale. by one of the mortgagors, in effect annulling the sale.

Mrs. Sprague, being the wife of James L. Sprague, the owner of the land, and as such having an interest in the property, although inchoate, had a right to redeem from the foreclosure of the mortgage which she had executed with her husband. *Williams* v. *Stewart*, 25 Minn. 516. Having a right of property which she transferred by the mortgage, she had the corresponding right of discharging the encumbrances by redemption. But she was capable, too, of acquiring by purchase the interest which Greene held under his mortgage and the foreclosure sale. The plaintiff claims the transaction to have been such a purchase. The defendants contend in this court that it should be construed as a redemption, although in their answer in this action they aver that the money furnished to Mrs. Sprague by her husband was owing to her from him, and that she in good faith purchased the certificate of sale and the mortgage; that she still owns and holds the mortgage, and that it is still in force; and that it was the purpose of these defendants that she should acquire title to the homestead. Such a purpose to acquire title to the homestead, by means of the payment to Greene, could be accomplished only by a purchase, and not by a mere redemption from Greene; for by a redemption by the mortgagor the sale would be annulled, and the rights acquired under it extinguished. Hence, the pleading must be construed as an averment of an intention to purchase and not to redeem.

Aside from the question as to whether the defendants are concluded by the answer, the facts agreed upon, and upon which the case was submitted to the court below, are not inconsistent with the answer in this respect, but, on the contrary, support the allegation of purchase. The taking and recording of an assignment of the sheriff's certificate of sale, unexplained, indicate a purchase rather than a redemption.

A redemption is ordinarily evidenced by a certificate of redemption, which is the instrument prescribed by statute to be made upon re-demption from a mortgage sale. But assuming the transaction to have been such that it might be construed either as a purchase or a redemption, and that the intention of the parties should control in determining its character, and that, in the absence of proof or clear indication from the circumstances of a contrary intention, it should be presumed in equity that the parties intended that which would be most clearly for their interest, it is still considered that, in this action, in which the character and effect of the transaction come in question, the defendants should be concluded as to their intention by their own answer.

Mrs. Sprague, acquiring by purchase and assignment the right of Greene as purchaser at the foreclosure sale, held the interest thus acquired as Greene would have held it, subject to such rights of redemption as may have existed in favor of creditors of the mortgagor having liens upon the property. The assignee stood in the place of the assignor. She could not occupy inconsistent positions. Holding as a purchaser under the certificate of sale, she affirmed the sale as still operative, and asserted rights acquired under it. Doing so, she could not oppose the exercise of a right of redemption by creditors. So long as the sale was in force and unextinguished by redemption by the mortgagor, the right of redemption by creditors existed, until barred by lapse of time. She could not by the same act become a purchaser asserting a title acquired by virtue of the sale, and a re-demptioner cutting off the right of redemption by creditors.

To give a right of redemption to the judgment creditor it was enough that his judgment was a lien upon one only of the two lots mortgaged, and which were sold in one parcel. The statute gives' the right of redemption to creditors having a lien "on the real estate, or some part thereof." Gen. St. 1878, c. 81, § 16; and see *Tinkcom* v. *Lewis*, 21 Minn. 132; *Willis* v. *Jelineck*, 27 Minn. 18. The statute providing for redemption is calculated to save the property of debtors from being sacrificed, and to enable debtors to retain their property; or, if they shall fail to do so, then to secure its application, so far as may be, to the payment of the demands of creditors. It should not

receive a narrow construction, nor one calculated to defeat these ends. The sale having been made of the whole mortgaged premises for an entire sum, redemption could only be made, under the statute, by a payment of that sum, with interest. The redemption so made operated as an assignment to the plaintiff of the right acquired under the foreclosure sale, (Gen. St. 1878, *c.* 81, § 15,) and, no subsequent redemption having been made from the plaintiff by other creditors, the plaintiff became vested with "all the right, title, and interest of the mortgagor in and to the premises named, * * * at the date of such mortgage, without any other conveyance whatever." Id. § 12.

That the property was sold in one parcel, while it might have been sold in several lots, does not raise any question affecting the determination of this case. One holding the certificate of sale, and claiming title thereunder, is in no position to resist redemption by a creditor upon the ground that the sale was irregular.

The fact that one of the two lots was a homestead of the mortgagors does not affect the result in this case. It was in the power of the mortgagors to relinquish the protection which the law gave them, and to subject the property to the demands of creditors. By giving the mortgage upon property including the homestead, they did relinquish their right of homestead in favor of the mortgagee, and as to all who might acquire title under the mortgage. The purchaser at the foreclosure sale held the right thereby acquired in the property uncharged with any claim of homestead exemption. A subsequent creditor, having a lien such as gave to him a right of redemption from the sale, would upon making redemption become subrogated to the rights of the purchaser. These results attach as incidents to the mortgage, for they are part of the law relating to its enforcement, and must be deemed to have been contemplated when the mortgage was given. If Mrs. Sprague had redeemed from the mortgage sale, such redemption would have annulled the sale, and the homestead right would have become again absolute, and no longer subject to rights conferred by or acquired under the mortgage. No such redemption was made within the year allowed therefor; but, instead thereof, she, taking an *assignment* of the right of the purchaser, placed herself in his position, as one holding a right of property acquired

*under* the mortgage. She must hold it as any other assignee of the purchaser would have held it, divested of the right of homestead as to creditors exercising their statutory right of redemption.

As to the subsisting force of the mortgage assigned by Greene to Mrs. Sprague it is enough to say that the foreclosure by Greene of the mortgage, and the sale of the whole of the mortgaged premises, exhausted the lien of the mortgage, and it cannot be held as a subsisting encumbrance upon the property. This was decided in *Fowler* v. *Johnson,* 26 Minn. 338.

Our conclusion is that upon the facts agreed upon the judgment of the court below was erroneous so far as respects lot 12, and that judgment should be entered in favor of the plaintiff as prayed in the complaint. The judgment is therefore set aside, and the cause remanded with directions to enter judgment as here indicated. This necessarily disposes of both appeals.