DENNIS O'BRIEN and others *vs.* HERMAN KRENZ.

December 6, 1886.

**Homestead—Undivided Interest.**—*Ward* v. *Huhn*, 16 Minn. 142, (159,) followed, to the effect that one having an undivided interest in a larger tract than is allowed, is not thereby entitled to claim as a homestead any more of the tract than the amount specified in the statute.

**Foreclosure— Redemption by one having Lien on Part of Tract.**— Where an entire tract is sold as one parcel at a foreclosure, a redemptioner, having a lien on only a part of the tract, may redeem the whole, and is thereby subrogated to the rights of the purchaser.

**Constitution—Statute taking away Right to Foreclose under Power.**— The right to foreclose, pursuant to the statute in force at the time of the execution of a mortgage, under the power of sale contained in it, cannot be taken away by subsequent legislation.

**Same—Statute Void in Part—Construction.**—Where an act of the legislature is void (for unconstitutionality) in some of its provisions, while others, standing alone, would be unobjectionable, the latter will fall with the former, if the provisions are so mutually dependent on and connected with each other, as conditions, considerations, or compensations for each other, as to warrant the belief that the legislature intended them as a whole, and would not have passed any, if all could not stand.

**Same — Statute of 1877 abolishing Foreclosures under Powers of Sale.**—Thus, Laws 1877, *c.* 121, repealing (in terms) Gen. St. 1866, *c.* 81, title 1, is void, so far as it assumes to abolish foreclosures under powers of sale in mortgages executed before its passage; and as it is not to be supposed that the legislature would, independently of such abolishment, take away the right of redemption from such foreclosures, the act cannot be sustained to take them away.

**Same — Statute taking away Creditor's Right of Redemption. — A** judgment creditor's right to redeem from the foreclosure of a prior mortgage, and the terms on which he may redeem, is fixed by the statute in force at the date of docketing his judgment. This right cannot be taken away or impaired by subsequent legislation; following *Willis* v. *Jelineck*, 27 Minn. 18, (6 N. W. Rep. 373.)

Appeal by defendant from a judgment of the district court for Steele county. The action was to recover possession of real property, and

was tried by *Start, J.*, (acting for the judge of the 5th district,) without a jury.

*Sawyer & Sawyer,* for appellant.

*Geo. W. Batchelder,* for respondents.

GILFILLAN, C. J.   On May 29, 1875, one John Byfield was the owner of an undivided one-sixth of 160 acres of land, and on that day he and his wife executed to one Sheldon a mortgage upon such one-sixth, containing the usual power of sale.   At that time, and until March, 1882, he, with his family, resided upon, and claimed as his homestead, the whole 160 acres.   On November 8, 1877, plaintiffs recovered a judgment against Byfield, which, on the 13th of the same month, was docketed in the county where the land lay.   On March 25, 1882, the mortgage was duly foreclosed under the power of sale, the entire 160 acres being sold as one parcel; and the certificate of sale was, on February 9, 1883, assigned by the purchaser to defendant.   The mortgage contained a stipulation for interest from its date till paid, at the rate of 12 per cent. per annum.   Within the time required by law for redemption by a lien creditor, the plaintiffs, claiming a right to redeem under their judgment, complied with the provisions of law in that behalf,—paying, however, to the sheriff who made the sale no greater rate of interest on the sum bid than 7 per cent. per annum; and the sheriff executed the usual certificate of redemption, which was duly recorded.   The validity of this redemption, and what interest passed by it to the plaintiffs, is in question; its validity being denied on the ground that the rate of interest paid was only 7 per cent., instead of 10 per cent., as required by Gen. St. 1878, *c.* 81, § 13.

The mortgage, being executed by the husband and wife, took precedence of the homestead right, and the right was defeated by the foreclosure becoming absolute.   The title passed discharged of the right.   The judgment became a lien subject to that right.   The homestead extended only to 80 acres of the 160,—*Ward* v. *Huhn*, 16 Minn. 142, (159,)—so that the judgment was a lien on an undivided one-sixth of 80 acres of the 160; and, as the entire 160 was sold as one parcel at the foreclosure sale, plaintiffs, in order to redeem the interest on which they had a lien, were obliged to redeem the whole tract.   This they had a right to do, and become subrogated to the

right of the purchaser in the whole tract.    *Willis* v. *Jelineck*, 27 Minn. 18, (6 N. W. Rep. 373;) *Martin* v. *Sprague*, 29 Minn. 53, (11 N. W. Rep. 143.)

The sections in Gen. St. 1866, *c.* 81, title 1, in force when the mortgage was executed, regulated foreclosures of mortgages under powers of sale contained in them, and redemptions from such foreclosures. Chapter 121, Laws 1877, repealed that title, excepting sections 3, 4, 9, 11, 14, 15, and 17. It may be inferred from the act, though it does not say so, that the purpose was to abolish foreclosures under powers of sale; and that the sections specified were retained merely because, by section 32, their provisions are made applicable to foreclosures by action, which are regulated by title 2 of the chapter. Taking this to have been what the legislature intended, we are met by the objection that, while it might abolish such foreclosures as to all mortgages executed after its passage, it could not do so as to mortgages containing powers of sale executed prior to. the passage. All the substantial provisions of the law regulating such foreclosures, in force when the mortgages were executed,—that is, all provisions not mere matters of form, but materially affecting the right to foreclose under the powers, or the rights of the parties, mortgagors and mortgagees, upon such foreclosures,—became part of the contract between the parties, and, so far as they were concerned, could not be impaired by future legislation.    *Heyward* v. *Judd*, 4 Minn. 375, (483;) *Goenen* v. *Schroeder*, 8 Minn. 344, (387;) *Carroll* v. *Rossiter*, 10 Minn. 141, (174;) *Hillebert* v. *Porter*, 28 Minn. 496, (11 N. W. Rep. 84.)

In this case, as in all similar mortgages executed prior to the act of 1877, the mortgagee had stipulated in his contract that he might, by a sale under the power, and pursuant to the statute in force at the date of the mortgage, bar the right of redemption of the mortgagor, and of his grantees, and the holders of liens subsequent to the mortgage, on the conditions then prescribed by law. This stipulation could not be impaired by the legislature. But abolishing by that act the foreclosures under powers of sale did not have the effect to impair the obligations of any contract to which the plaintiffs were parties. They were not parties to the mortgage. They could claim no contract rights under it. Whatever rights they had in respect to this

land they acquired by the docketing of their judgment, which was after the act of 1877 was passed, and by the docketing they acquired just such rights as the law then in force gave them,—no greater and no less. Such rights were statutory, not contract, rights. So far as concerns its effect upon any rights of theirs, they cannot complain that the act was unconstitutional. Had the act been valid to abolish foreclosures under powers in mortgages executed before its passage, of course all the consequences and incidents of such foreclosures, including redemptions, would also have been abolished. But, as we have seen, the act could not take effect as against powers in mortgages previously executed. Those mortgages could be foreclosed notwithstanding the attempted repeal of title 1.

The question then arises, did the repeal take effect so as to abolish the consequences and incidents of, and rights dependent on, foreclosures which the legislature could not abolish? The legislature could abolish all rights of redemption, (not already vested or dependent on contract;) could provide that no creditor acquiring a lien after the act should have any right to redeem after foreclosure. The case is one, not unfrequently occurring, where an act of the legislature is void as to some of its provisions, while others of them, standing alone, would be unobjectionable. In some cases, the unobjectionable provisions may stand, though the others cannot; in other cases, they must fall with the others. The rule is stated by Cooley in his work on Constitutional Limitations thus (p. *178:) "If they are so mutually connected with and dependent on each other, as conditions, considerations, or compensations for each other, as to warrant the belief that the legislature intended them as a whole, and, if all could not be carried into effect, the legislature would not pass the residue independently, then if some parts are unconstitutional, all the provisions which are thus dependent, conditional, or connected must fall with them."

The rule thus stated is based upon sound reason as well as authority. There is no ground for supposing that the legislature would not have repealed title 1 as to subsequently executed mortgages, even though the repeal could not be carried into effect as to those executed prior to its passage, and there is therefore no reason why the act

should not be sustained in all its provisions as to such subsequently executed mortgages. But it is not to be believed that it would, as to past mortgages, have repealed the sections giving to lien creditors the right of redemption, prescribing its terms, and the manner of exercising it, if the repeal of other sections could not be carried into effect so as to abolish the foreclosure of such mortgages under the powers of sale,—would have repealed the sections affecting redemptions and redeeming creditors, independently of those the repeal of which was intended to abolish foreclosures.

Evidently, the main purpose of the repeal was to compel mortgagees to resort to actions in order to foreclose. The right to redeem, its terms and mode of exercising it, were preserved intact, except that, as foreclosures were to be only by action, the redemptions were of course to be from such foreclosures. But it could not have been intended that the right to foreclose under powers was not taken away nor impaired.

As to mortgages with powers of sale executed before its passage, and the foreclosure of such mortgages under the power of sale, the act of 1877 was invalid, as it would impair the obligation of contracts; and as to redemptions from such foreclosure it could not stand, for the reason that, manifestly, the legislature would not have passed it, so far as it affects redemptions, if it could not take effect as to foreclosures. As to such past mortgages, then, both in respect to foreclosures and redemptions, the act was as though it had never passed. At the time of docketing the plaintiffs' judgment the law in force controlling the rights of the parties was title 1, unaffected by the attempted repeal. This assured to plaintiffs a right to redeem from a foreclosure by paying the amount bid at the sale, and interest at the rate of 7 per cent. This was a vested, valuable property right, of which they could not be divested or deprived without their consent, except by due process of law. *Willis* v. *Jelineck*, 27 Minn. 18, (6 N. W. Rep. 373.) It could not be impaired by Gen. St. 1878, c. 81, § 13.

Judgment affirmed.