O. A. RAMBECK v. W. J. LA BREE, AS SHERIFF OF PENNINGTON COUNTY, MINNESOTA AND ANOTHER.

FARMERS STATE BANK OF GOODRIDGE, APPELLANT.[1]

July 13, 1923.

No. 23,488.

**Application of statutory provision as to time for doing act.**
1. In determining the consequences of a disregard of a statutory provision as to time, a court must seek to ascertain the legislative intention. It will consider the language of the statute, the subject matter, the importance of the provision and the object intended to be secured. If the provision does not go to the essence of the thing to be done, or if there are no negative words restricting the doing of an act after the time fixed by the statute, the provision will usually be held directory.

**Failure to file papers produced upon making redemption from sale.**
2. A failure to observe the requirement of section 8148, G. S. 1913,

[1]Reported in 194 N. W. 643.

that the papers which must be produced in redeeming from a mortgage foreclosure sale shall be filed within 24 hours after redemption is made, does not invalidate the redemption when the rights of subsequent re-demptioners are not thereby impaired. If the documents to which section 8148 refers are on file when a junior creditor redeems, he cannot question the validity of a prior redemption solely because the filing was not made within the time prescribed by the statute.

**Failure of sheriff's certificate to name amount claimed due on redemption-er's lien.**

3. The omission from the sheriff's certificate of redemption of a statement of the amount claimed to be due on a redemptioner's lien, as provided by section 8149, G. S. 1913, does not invalidate the redemp-tion as to a junior creditor, if the affidavit required by section 8148 is on file in the office of the register of deeds when the junior creditor redeems.

Action in the district court for Pennington county to compel de-fendant sheriff to accept money tendered; to cancel his certificate of redemption in favor of defendant bank; to annul the record of it and to have plaintiff adjudged the owner of the land. The demurrer of defendant bank to the complaint was overruled. Plaintiff's mo-tion to strike out the answer of defendant bank as sham, irrelevant and frivolous and directing judgment in favor of plaintiff was grant-ed, Grindeland, J. From the judgment entered pursuant to the order for judgment, Farmers State Bank of Goodridge appealed. Reversed.

*J. M. Bishop*, for appellant.

*Perl M. Mabey* and *H. O. Chommie*, for respondent.

LEES, C.

Appeal from a judgment canceling a certificate of redemption issued to the appellant by the defendant La Bree, as sheriff of Pen-nington county.

On November 26, 1915, one Ole Oveson owned a quarter section of land in Pennington county and mortgaged it to a bank at Thief River Falls. On November 1, 1919, Olaf Oveson gave a second mortgage to the appellant, and on July 30, 1920, a third mortgage

to the respondent. The first mortgage was foreclosed by advertisement and the land sold on June 11, 1921, to the Savings Loan & Trust Company, a Wisconsin corporation, for $2,285.67.

The Ovesons failed to redeem. June 11, 1922, fell on a Sunday, hence the time within which they might have redeemed did not expire until June 12. On May 17, 1922, appellant duly filed notice of its intention to redeem, and respondent duly filed a like notice on June 12, 1922. On June 15 appellant paid $2,420.78 to the sheriff in redemption of the land from the sale to the trust company. It produced to the sheriff its mortgage from Oveson. Attached to it was an affidavit made by appellant's cashier, stating that the papers were produced for the purpose of making redemption pursuant to appellant's notice of its intention so to do, and that the amount then actually due on its mortgage was $1,261.72. The sheriff accepted the redemption money and signed a certificate of redemption, but did not have his signature witnessed and did not acknowledge the execution of the certificate. On June 15 he deposited the incomplete certificate in the office of the register of deeds, where it remained until June 19, when it was properly witnessed and acknowledged and placed on record. The certificate did not contain a statement of the amount claimed to be due on appellant's mortgage at the date of redemption. It stated that appellant redeemed as a junior mortgage. In all other respects it complied with section 8149, G. S. 1913.

The mortgage and affidavit of appellant's cashier were not filed as required by section 8148, G. S. 1913. By mistake the sheriff mailed these papers to the Farmers' State Bank of Mavie, Minnesota. They were received on June 16 and mailed to appellant on the same day. It received them on June 17 and filed them with the register of deeds on June 19 at 5 o'clock p. m. On June 19 at 10 o'clock a. m. respondent's attorneys examined the files and records in the office of the register of deeds and were shown and examined the incomplete certificate of redemption the sheriff had issued. Respondent did not attempt to redeem on the nineteenth, but on the following day at 4 o'clock p. m. he produced to the sheriff his mortgage and an affidavit of the amount due thereon and tendered $2,421.90 in

redemption of the land. Because he did not include the amount due on appellant's mortgage, the sheriff refused to receive the sum tendered. Respondent has kept the tender good and insists that the sheriff should have accepted it because appellant's redemption was invalid.

This action was brought to compel the sheriff to accept the money tendered and execute a certificate of redemption to respondent, to cancel the certificate issued to appellant and annul the record thereof, and to have respondent adjudged the owner of the land in fee. The facts stated were set out in the pleadings and in affidavits produced by the parties at the hearing of a motion made by respondent to strike out appellant's answer as frivolous. The motion was granted and judgment as demanded was entered as for want of an answer.

Respondent contends that appellant's redemption was invalid for two reasons: (1) Because the mortgage and the affidavit of appellant's cashier were not filed within 24 hours after redemption was made; (2) because of the omission from the sheriff's certificate of redemption of a statement of the amount claimed to be due on appellant's mortgage when it redeemed and the absence of a more particular statement of its lien. The trial judge was of the opinion that the statutory provisions relative to these two matters were mandatory and that the failure to comply with them was fatal to the redemption.

In Sedgwick's Statutory Law, it is said [2d ed. pp. 317-318] that when a strict compliance with the provisions of a statute with respect to time does not appear essential to the judicial mind, a proceeding will be held valid, although a command of the statute was disregarded. The questions which arise under this head are not properly those of construction, but rather of application. The statute is sufficiently clear. The only point is what shall be the consequence of a disobedience of its direction. The writer concludes [page 325] by expressing the opinion that the legislature should say what consequences should result from a disregard of a provision of a statute. When none are specified, a court should seek to ascertain the legislative intention. The language of the statute, the subject matter, the importance of the provision and the object intended

to be secured should be considered. 3 Dunnell, Minn. Dig. § 8954. If the provision does not go to the essence of the thing to be done, or if the act is to be done within a certain time without any negative words to restrict the doing of it afterwards, the provision is usually held to be directory. 25 R. C. L. 767.

This court has said that as a general rule the statute requiring an act to be done within a certain time should be regarded as directory unless the limitation of time is essential to the protection of private rights, Johnson v. Northwestern L. & B. Assn. 60 Minn. 393, 2 N. W. 381, and that a statute mandatory in language may be merely directory, depending on the object to be subserved by the particular requirement. Farmers Co-operative Elev. Co. v. Enge, 122 Minn. 316, 142 N. W. 328. In Laroque v. Chapel, 63 Minn. 517, 65 N. W. 941, it was held that the statute requiring a sheriff's certificate of foreclosure sale to be executed and recorded within 20 days after the sale, section 8133, G. S. 1913, may be merely directory as to time. The legislature has not said what consequences follow a disregard of the time limit fixed by section 8148.

We must ascertain, if we can, what the legislature intended but failed to express. The purpose of filing the redemption papers is to inform other lien creditors of the amount they will have to pay if they choose to redeem. The statute is intended for their protection and they alone can take advantage of a noncompliance with its terms. Wilson v. Hayes, 40 Minn. 531, 42 N. W. 467, 4 L. R. A. 196, 12 Am. St. 754. If the papers are on file when a junior creditor exercises his right of redemption, the essential purpose of the statute is served. If the junior redemptioner may close his eyes because the papers were not filed within 24 hours and, by redeeming, cut out a prior lien, leaving the debtor liable for its payment, the letter of the law prevails over the spirit. In the instant case the necessary papers were filed on June 19, nearly 24 hours before respondent attempted to redeem. He was not injured by appellant's failure to file them in time. He did not act until after they were filed. If he had gone to the office of the register of deeds on the day he redeemed, he would have ascertained: (1) That the bank had redeemed; (2) the nature of the lien under which it had

redeemed; (3) the amount due on its lien. In other words, all the information he was entitled to have was available when he attempted to make redemption. If he had exercised his right to redeem the day before, the situation would have been entirely different. In that event he would have been entitled to rely on the record as it then stood and appellant could not be heard to say that it had attempted to redeem or that respondent's rights were subordinate to its own.

But it may be urged that this is beside the point because the language of the statute is imperative; that each junior creditor should have full 5 days to prepare to redeem; that each creditor in the line of redemptioners should comply with the statute literally; and that there should be no uncertainty about the situation existing at the beginning of each 5-day period. These considerations are not without force and have received our careful attention, but there are others of equal or greater weight. This court has said that the redemption statute is remedial in its nature and should be construed liberally. Williams v. Lash, 8 Minn. 441 (496); Tinkcom v. Lewis, 21 Minn. 132, 140. It is intended to prevent the sacrifice of the debtor's property, and, if he fails to save it by making redemption, to secure its application so far as may be to the payment of the demands of his creditors. It should not receive a narrow construction nor one calculated to defeat these ends. Martin v. Sprague, 29 Minn. 53, 11 N. W. 143. The object of the statute is to make the land bring its utmost value by means of an auction sale among the creditors, according to the seniority of their liens. Moore v. Penney, 141 Minn. 454, 170 N. W. 599, 3 A. L. R. 161. Formal deviations from the statute should be overlooked if there was a substantial compliance with its requirements, Tinkcom v. Lewis, supra, and when it appears that redemption money sufficient in amount has been paid to the proper officer, a court should not closely scan the transaction for the purpose of defeating the redemption right. Law v. Citizens Bank of Northfield, 85 Minn. 411, 89 N. W. 320, 89 Am. St. 566.

In Williams v. Lash, supra, quoting from a New York case, it was said that the effect given to an affidavit which did not comply

with the statute depended in a great measure on the inclination of the judicial mind to construe the statute liberally in favor of the debtor and his redeeming creditors, or so strictly as to demand an exact compliance rather with its words than its substance and spirit, and that the former and not the latter method of construction was the proper one.

If the effect of the 24-hour clause in section 8148 is to invalidate every redemption not followed by the filing of the papers within the prescribed time, the spirit of the statute is defeated by the application of a narrow rule of construction. What may happen is illustrated by the instant case: Taking advantage of an irregularity or technical defect in the proceedings, respondent seeks to cut off the prior lien of appellant's mortgage, defeat a good-faith redemption under it, and make a profit at the expense of the appellant and the mortgage debtor, for the former loses a valuable right and the latter is not discharged from a debt which would be paid if appellant's redemption was valid. A holding that the legislature intended such consequences can hardly be justified in the absence of an express declaration that no redemption shall be valid if the papers are not filed within the prescribed time.

2. The certificate of redemption required by section 8149 must be prepared and executed by the sheriff and delivered to the person redeeming. The sheriff is required to insert certain statements in his certificate. In the instant case he failed to include a statement of the amount due on appellant's mortgage at the date of the redemption or a particular description of the mortgage. With respect to execution sales, the general rule is that the failure of the sheriff to comply with the statutory provisions does not vitiate the sale, Barnes v. Kerlinger, 7 Minn. 55 (82), and that the title of a purchaser at such a sale is not affected by defects or informalities in the return of the officer subsequently made, Millis v. Lombard, 32 Minn. 259, 20 N. W. 187; Hokanson v. Gunderson, 54 Minn. 499, 56 N. W. 172, 40 Am. St. 354. The reason for the rule is that the sheriff acts as an officer of the law and not as the agent of either party, and hence neither is responsible for his omissions. The sheriff's position is the same in redemption proceedings under the stat-

ute, 2 Dunnell, Minn. Dig. § 6393, and the same rule should obtain. Moreover, the statement in the certificate of the amount claimed to be due is necessarily based on and is virtually a repetition of the statement in the redemptioner's affidavit of the amount due on his lien. We fail to see how its omission from the certificate can injure a subsequent redemptioner. The filing of the affidavit required by section 8148 gives him notice of the amount of the lien. The sheriff's certificate gives him no additional information. It cannot be determined in the redemption proceedings whether the amount claimed is actually due. Junior redemptioners must pay according to the record made under section 8148. Bartleson v. Munson, 105 Minn. 348, 117 N. W. 512.

. Judgment reversed.