### THE TOWN OF BRIDGEPORT* vs. SYLVESTER BLINN.

*A* obtained a decree of foreclosure against *B* in the Superior Court, the debt being found to be $340, and the land worth about $1,500. Before the expiration of the time limited for redemption *C* attached the land upon an indebtedness of *B* of $250, and tendered to *A* the amount due upon his foreclosure, which he refused to receive. *C* then brought a bill in equity against *A* to the Court of Common Pleas, asking that *A* be required to receive the amount so tendered and convey the mortgaged property to the petitioner. The Court of Common Pleas has jurisdiction over all suits in equity where the matter in demand does not exceed $500, and the Superior Court over all matters beyond that sum; the jurisdiction in suits for the foreclosure of mortgages to be determined by the amount of the debt secured as described in the mortgage. Held—

1. That *C* by his attachment had acquired the right to redeem the mortgaged property within the time limited for redemption.

2. That the decree of the Superior Court was not void, as being in a matter below its jurisdiction, as the court would presume, in view of its general jurisdiction and in the absence of anything to show the contrary, that the mortgage debt was originally within its jurisdiction and had been reduced by payments; also, it being alleged in the present petition, from which alone the court derived its knowledge as to the bill for a foreclosure, that that bill was brought "among other things for a foreclosure," that it would be presumed that among those other things was some prayer which brought the case within the jurisdiction.

3. That the statute which provides that bills in equity for relief against any judgment in the Superior Court shall be brought to that court exclusively, did not apply, since the petition to the Court of Common Pleas was not brought in any proper sense for relief against the decree passed by the Superior Court, but for an independent right to redeem the mortgaged property.

4. That it did not defeat the jurisdiction of the Court of Common Pleas that the claim of which the petitioner was seeking to secure payment, with the mortgage debt which he would have to pay on redemption, exceeded $500; nor that his own claim was to be paid from an equity of redemption of the value of over $500.

BILL to redeem and for the conveyance of title; brought to the Court of Common Pleas of Fairfield County. The principal averments of the petition were as follows:

That the respondent, Sylvester Blinn, having a mortgage upon a certain parcel of land in Bridgeport, [describing it,] brought his petition to the Superior Court for Fairfield County at its December term, 1873, in which he prayed, among other things, for a foreclosure of the premises as against Patrick Burns, one of the respondents in the petition and the owner of said premises; that by a decree of the Superior Court, passed in the cause at its March term, 1874, it was found by said court that the said Patrick Burns was the owner of the premises, and that the mortgage alleged was a good and valid incumbrance thereon; that the amount due said Blinn thereon was, on the 15th day of May, 1874, the sum of $338; and decreed that if the said Patrick Burns should fail to pay said sum of $338, with the lawful interest thereon and the cost of said petition, taxed and allowed at the sum of $43.52, on or before the 20th day of July, 1874, then he should be forever barred and foreclosed of all right to redeem said premises.

That on the 1st day of June, 1874, and for a long period

before that time, the said Patrick Burns was, and ever since has been, indebted to the petitioners in the sum of two hundred and fifty dollars; that the petitioners afterwards, on the 2d day of June, 1874, caused a writ of attachment in an action of assumpsit to be issued in their favor against said Burns, returnable to the Court of Common Pleas for Fairfield County at its September term, 1874, which writ was in due and legal form, and commanded the officer to whom it was directed to attach to the value of three hundred dollars the goods or estate of said Burns, to answer the judgment which might be obtained in said action; that the officer who had said writ for service levied said attachment upon all the right, title, and interest of said Burns in and to said premises, on said 2d day of June, 1874; and that said premises are worth a large sum, to wit, fifteen hundred dollars or more in the whole, and are worth over and above the amount due said Blinn as aforesaid the sum of one thousand dollars and more.

That the petitioners, desiring to realize out of said real estate the indebtedness so due them from said Burns, did, before the expiration of the time limited by said decree for the redemption, to wit, on the 20th day of July, 1874, offer and tender to said Sylvester Blinn in lawful money the amount found due him in and by said decree, with interest and the costs; that said Blinn refused to accept said money, and claimed that he was not obliged to accept it, and alleged that the petitioners had no right, and could acquire none, in said real estate, by virtue of said attachment.

That, as the time fixed by said decree has expired, the legal title to said premises has vested in said Blinn, who can now sell and dispose of the same as his own estate, although in equity he has no interest therein beyond the sum which the petitioners were so ready and willing to pay, and did offer and tender to him as aforesaid; that the petitioners are still willing to pay, and do hereby request that they may bring into court said sum so due said Blinn from said Burns, as fixed in said decree, and said costs and interest aforesaid thereon, that this court may order the same to be paid over to or for the benefit of said Blinn; that the petitioners are without

Town of Bridgeport *v.* Blinn.

remedy at law, and will lose their just rights in said real estate, acquired by them by virtue of their said attachment, unless relieved by the interposition of a court of equity.

They therefore pray the court to inquire into the truth of the foregoing allegations, and upon finding them true, to order and decree that the said Blinn shall receive the sum, cost and interest as fixed in said decree of the Superior Court as aforesaid; and that the court will order him to release and convey all his interest in said premises to the petitioners, or that the court will decree that all title of record in favor of said Blinn in said premises shall be set aside and held void and of no effect, or that the court will in some other way grant your petitioners adequate relief.

There was also a further prayer for an injunction against any conveyance of the property by the respondent.

The respondent demurred to the petition, assigning the following causes of demurrer:

*First.* That the Superior Court in which the decree of foreclosure was obtained on the 15th day of May, 1874, had no jurisdiction over said suit for foreclosure, inasmuch as the matter in demand was less than $500, and the same should have been brought before this Court of Common Pleas, which had exclusive original jurisdiction over said cause, and that said decree is null and void.

*Second.* That this Court of Common Pleas has no jurisdiction over suits for relief against judgments rendered in the Superior Court, and if said judgment in the suit of foreclosure is valid, this suit should have been brought to the Superior Court.

*Third.* That the matter in demand in this suit exceeds $500, and this court has no. jurisdiction over the same.

*Fourth.* That the petitioner has no judgment against said Burns, and until one is obtained has no legal or equitable right to redeem said property.

*Fifth.* That the attachment being subsequent to the obtaining of the decree, gives no right of redemption.

The court reserved the questions of law arising on the demurrer for the advice of this court.

*C. Thompson* and *I. M. Bullock*, in support of the demurrer.

1. The petitioner needs no relief, as the decree of foreclosure of the Superior Court, counted on, is null and void, the matter in demand being only $338. Rev. Statutes, p. 413, sec. 4.

2. If that decree is valid, then this bill for relief against it should have been brought to the Superior Court. By statute all suits for relief against any judgment rendered in the Superior Court must be brought to that court. Rev. Stat., p. 413, sec. 2.

3. The matter in demand in this bill exceeds $500; for if the prayer is granted, Bridgeport becomes subrogated to the rights of Blinn, and takes property whose alleged value is $1,000 or more.

4. The petitioner shows no right in equity to relief. In *Lyon* v. *Sanford*, 5 Conn., 547, a creditor attaching before foreclosure was allowed after recovering judgment to redeem. But the court say that creditors who attach after foreclosure cannot redeem. This attachment was made after the decree; new parties cannot be added then, or they must abide the fate of the mortgager. No judgment had been obtained. No authorities extend the right of redemption so far. 1 Hilliard on Mortgages, ch. 15, § 12; 2 id., ch. 31, §§ 10, 77; 2 Story Eq. Jur., § 1216, and note *b*; High on Injunc., §§ 94, 161; 1 Washb. on Real Prop., book 1, ch. 16, sec. 10, art. 8; *Havens* v. *Adams*, 8 Allen, 367; *Downer* v. *Fox*, 20 Verm., 388. If this bill prevails the petitioner takes the property, whether he gets judgment or not, by subrogation. As a rule of practice, it should not be allowed. Suppose others had attached, what would be their position? Would they likewise have the right to redeem, and could there ever be a final settlement reached? Besides, equity should not enjoin against equity decrees.

*W. K. Seeley*, contra.

PARDEE, J. Some time before the year 1874 Patrick Burns,

being the owner of a piece of land valued at fifteen hundred dollars, mortgaged it to Sylvester Blinn, the respondent, to secure the payment of a debt which now amounts to about three hundred and fifty dollars. Upon the petition of Blinn, the Superior Court, on the 15th day of May, 1874, decreed that if Burns should fail to pay his debt to Blinn with interest and costs on or before the 20th day of July, 1874, he should be forever barred and foreclosed of all right to redeem the land.

The petitioner, the town of Bridgeport, brought its petition to the Court of Common Pleas, at its September Term, 1874, making Blinn the respondent therein, and alleging that on, and long prior to, June 1st, 1874, the said Burns was and had been indebted to said town in the sum of two hundred and fifty dollars; that on the 2d day of June, 1874, the town caused a writ of attachment in an action of assumpsit to be issued in its favor against him, which was made returnable to said last named term of the Court of Common Pleas, and upon which his right, title and interest in and to said piece of land was duly attached on said day, and that on the 20th day of July, 1874, the town offered and tendered in due form of law to Blinn the several amounts found due him in and by said decree of foreclosure, with interest and costs, which tender he declined to accept or receive. Thereupon, the town brought this petition to the September term of the Court of Common Pleas, asking the court to order Blinn to receive the debt found due to him, with interest and costs, and release and convey all his interest in the land to the town, or order that all title of record to the same in favor of said Blinn should be set aside and held void, or that the court should grant relief in some other way. To this petition Blinn answers that the town has no occasion to ask for relief, for the reason that the Superior Court had not jurisdiction of the matter of his own petition for foreclosure, inasmuch as the demand therein was less than five hundred dollars, and that therefore the decree is null and void, and works no injury to the town.

Our only knowledge as to the allegations contained in his

petition to the Superior Court, and as to what was the amount of the debt described in the mortgage upon which that petition was predicated, is derived from the petition before us. It is therein alleged that he prayed " among other things for a foreclosure," and that his debt was found to amount to about three hundred and forty dollars; and we are bound to presume, in favor of a court having general jurisdiction, that the amount of the debt or liability secured by the mortgage was described in it and in the petition addressed to the Superior Court as being more than five hundred dollars; that upon the hearing the court found that it had been reduced by payments to $340; and that " among other things " he framed a prayer which brought the petition within the jurisdiction of that court.

Again, the statute provides that bills in equity for relief against any judgment rendered in the Superior Court shall be brought to that court exclusively; also that the Court of Common Pleas shall have exclusive original jurisdiction over all suits in equity wherein the matter in demand shall not exceed the sum of five hundred dollars. The respondent asserts that this petition is brought for relief against a decree of the Superior Court, and for the purpose of transferring the title to land of the value of one thousand dollars, and therefore is within the exclusive jurisdiction of that court. But the petitioner does not ask for relief against the decree for foreclosure; does not seek to set it aside; indeed, by the tender the petitioner recognized its validity and sought to give it the fullest effect; this petition counts upon and is made subordinate to it, and only concerns the method by which the property can be made to pay two hundred and fifty dollars to the petitioner after it has paid Blinn's debt in full. The pith of the petition is that it asks the court for leave to remove an incumbrance of less than four hundred dollars; the purpose to be effected is the collection of a debt amounting to two hundred and fifty dollars by means of the action at law; and although it incidentally appears that the debt is to be paid from an equity of redemption valued at one thousand dollars, yet this fact does not place the petition beyond the jurisdiction of the Court of Common Pleas.

Again, the respondent argues that the petitioner shows no right to relief in equity.

Until the title became absolute in Blinn, Burns had the right of redemption; a right which he could alienate, and one which his creditors could attach. The petitioner did attach, and thus place an inchoate lien upon it. The law thereby took the mortgagor's interest into its custody to secure it against the alienation of the debtor and the attachment of other creditors, and held it subject to the levy of an execution if the claim should ripen into a judgment. The petitioner became entitled to assert the right of redemption; to disengage the land from Blinn's incumbrance in order to make its own claim beneficial and available; entitled to tender payment to him and by that act preserve the property to itself.

The law intends to apply the property of debtors to the payment of their debts. Burns owes Blinn about four hundred dollars, and has secured payment of the debt by the mortgage of land worth fifteen hundred dollars. He owes the petitioner about two hundred and fifty dollars; this land upon every equitable principle should be so disposed of as to pay both debts; and this can be done without violence to Blinn's rights. He allowed Burns to become his debtor; he took the mortgage by way of security for his claim; all that he is entitled to is payment; the decree passed in his favor reserved to Burns the right to pay and redeem. If the mortgage performs its office, first in securing and lastly in paying the debt, Blinn can ask for no more. After payment the land should go back to the mortgagor, or to his representative, or to his creditors. The tender by the petitioner prevented the title from becoming absolute in Blinn; prevented him from obtaining the inequitable right to retain, as against other creditors of Burns, land worth fifteen hundred dollars for a debt amounting to less than five hundred.

We advise the Court of Common Pleas that the petition is sufficient.

In this opinion the other judges concurred.