## JOHN J. MAY *vs.* ALBERT GATES, JR., & others.

Middlesex.   March 21. — June 26, 1884.   DEVENS & COLBURN, JJ., absent.

If a decree in equity is entered that the plaintiff is entitled to redeem land from a mortgage on payment of a certain sum, and the plaintiff alone appeals on the ground that he ought not to be compelled to pay so large a sum, it is not open to the defendant to contend that the plaintiff is not entitled to redeem at all.

A mortgage of land, securing a promissory note, was conditioned for the payment of a certain sum in two months, "with interest as specified in the note." The rate of interest expressed in the note was three per cent a month for the two months, and five per cent a month for such further time as any part of the principal should remain unpaid. An agent of the mortgagee had the custody of the mortgage and note, and knew their contents, and had full authority to receive payment of the note at any time, and to dispose of it as he saw fit. A creditor of the mortgagor brought an action against him, attached his interest in the land, recovered judgment, levied his execution upon the debtor's equity of redemption, and became the purchaser thereof at a sale. Before the maturity of the note, and while his action was pending, the creditor informed the mortgagee's agent that he had attached the land and wished to pay off the mortgage, and asked him what amount was due. The agent, by falsehood and evasive answers, intentionally misled him, so that no payment was made. Subsequently, the creditor obtained a decree entitling him to redeem the land from

the mortgage. *Held*, that the mortgagee was estopped, by his agent's conduct, to receive from such creditor interest at a higher rate than six per cent per annum after the maturity of the mortgage debt; and that, as the creditor made no offer to pay any sum to the mortgagee, he must pay the expenses incurred in proceedings to foreclose the mortgage before the service of an injunction restraining them.

C. ALLEN, J. This is a bill in equity to redeem land from a mortgage. According to the averments of the bill, and the facts stated in the report of the master, the plaintiff was a creditor of one Winsor, who had bargained for the purchase of the land in question, and taken the title fraudulently in the name of one Reed, who executed the mortgage to Susan E. Cheever, one of the defendants. The plaintiff thereupon brought an action upon his claim against Winsor, attached Winsor's interest in the land, recovered judgment, levied his execution upon Winsor's equity of redemption so held in the name of Reed, and became the purchaser thereof at the sheriff's sale. The decree was for the plaintiff. The defendants entered no appeal, but the plaintiff appealed from the decree fixing the sum which he must pay in order to redeem. No question therefore is now open to the defendant as to the plaintiff's right to redeem; and the only question is that presented by the plaintiff's appeal.

Reed's note to Mrs. Cheever, which the mortgage was given to secure, was dated December 10, 1880, for $600, payable in two months, " with interest to be paid monthly, at the rate of three per cent per month in advance during said term, and for such further time as said principal sum, or any part thereof, should remain unpaid after maturity, with interest at the rate of five per cent per month." The mortgage, however, did not show the rate of interest, but was conditioned for the payment of the sum of $600 in two months, " with interest as specified in the note," &c. The bill to redeem was brought in March, 1882, and the principal question is whether the plaintiff is bound to pay the rate of interest specified in the note in order to redeem; and this depends mainly, in our view, upon the question whether enough appears in the circumstances of the case, as stated in the master's report, to show a fraudulent misleading of the plaintiff by the mortgagee's agent.

It appears that an assignment of the mortgage was executed to the defendant Gates; but this was merely a formal matter,

and he held the title for Mrs. Cheever. Murray Cheever was her husband and agent, and took part in the negotiation for the note and mortgage, and had the custody of them, and full authority to take payment of the note at any time, and to dispose of it as he saw fit. The plaintiff as an attaching creditor would have a right to redeem at the maturity of the mortgage debt. *Chandler* v. *Dyer*, 37 Vt. 345. *Bridgeport* v. *Blinn*, 43 Conn. 274, 281. He had therefore an interest to know the amount due on the mortgage, and the rate of interest on the debt secured thereby; and in January, 1881, while his action was pending and before its entry in court, he informed Murray Cheever that he had attached the estate and was desirous of paying off the mortgage. To the plaintiff, under these circumstances, Cheever owed at least the duty of good faith; he was bound not actively to mislead him or lie to him; and it is unnecessary to consider whether he also owed the duty of an actual disclosure of the facts sought for, or whether he might not legally have told the plaintiff that, as the time for redemption had not come, he would give him no information upon the subject. Cheever did not do this, but, while virtually recognizing the plaintiff's interest in the question, he falsely pretended not to know the amount or rate of interest; and afterwards, in the same month, when the plaintiff again called upon him and stated that he wished to pay off the mortgage, and was ready to do so upon ascertaining the amount due upon it, and asked what was the amount of the mortgage and debt, Cheever by evasive answers avoided telling him, saying that the debt was not then due, that they were in no hurry about its being paid, and that he would let the plaintiff know when they wanted it. This was not equivalent to a formal denial of the plaintiff's right at that time to have the information sought for by his inquiry. The earlier stages of the transaction had been so arranged, by omitting to mention the rate of interest in the mortgage, that deception was now possible and easy. The rate of interest stipulated for in the note was so unusual, that the plaintiff would not naturally suppose it to be so high, and any suspicion which he might otherwise have entertained of its being at an extraordinary and exorbitant rate might well be allayed by the answer of Cheever asserting his ignorance of it. The plaintiff was not

bound to assume that Cheever was trying to deceive him.  We have a right to draw inferences of fact; and we infer that Cheever, by his falsehood and evasive . answers, intended to mislead, and did mislead, the plaintiff, and that the plaintiff would have tendered payment of the mortgage debt at its maturity if he had known that the interest thereafter was to be at the rate of five per cent per month.  This dealing with the plaintiff has all the elements of an estoppel upon the defendants to claim more than the ordinary interest.  There was a misstatement of fact, made with the design that it should be acted upon by the plaintiff to his injury, and with the purpose and effect of deception in reference to the particular matter in question.  The defendants Gates and Mrs. Cheever are bound by Cheever's acts.  The interest which the plaintiff is to pay is to be reckoned, therefore, at the ordinary rate, namely, six per cent per annum, after the maturity of the mortgage debt; and as the plaintiff made no offer to pay any sum to the defendants, he must pay the expenses incurred in the proceedings to foreclose the mortgage before the service of the injunction restraining them.                              *Decree accordingly.*

*L. S. Dabney & S. C. Darling*, for the plaintiff.

*J. A. Maxwell*, for the defendants.