JAMES C. HUNTER v. ADDIE M. MAUSEAU and Others.[1]

December 18, 1903.

Nos. 13,692—(155).

**Assignment of Judgment.**

   A joint owner of a judgment may assign his undivided interest therein, and his assignee has the right to redeem from a prior lien to the same extent and for the same purposes as the assignor.

**Redemption by Assignee.**

   The holder of a subsequent judgment lien may redeem the premises from an execution sale by paying the proper amount into the hands of the clerk of the proper court, and in such case it is not necessary to produce to the clerk certified copies of the judgment docket, files, and records upon which redemption is based, but it is sufficient if the clerk has the knowledge thereof, and the original records, files, and papers are called to his attention.

[1]Reported in 97 N. W. 651.

Action in the district court for St. Louis county to determine the adverse claims of defendants to vacant and unoccupied lands. The case was tried before Dibell, J., who found in favor of defendant Addie M. Mauseau, who alone appeared and answered. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Francis W. Sullivan,* for appellant.

*J. B. Richards,* for respondent.

LEWIS, J.

Appellant claims title by virtue of the sheriff's certificate issued on a sale of certain premises under a first-lien judgment. Respondent holds title under a second judgment, and claims to have redeemed the premises from the sale under the first, and the appeal presents two questions: (1) Was there a proper assignment of the second judgment to respondent, so as to entitle her to make the redemption? (2) Was the redemption properly made?

1. The second judgment was for the sum of $50, and was recovered by Markell, as assignee of the Bell estate, against the stockholders of the Masonic Temple Association, to enforce stockholders' liability. After the entry of the judgment certain of the stockholders who had paid more than their pro rata share were, upon the order of the court, subrogated to the rights of plaintiff. A notation was made on the docket of the $50 judgment that the paying judgment debtors had been subrogated to creditors' rights therein. Subsequently such subrogated debtors executed powers of attorney to S. D. Allen, who was one of their number, under which Allen attempted to assign the right, title, and interest of such subrogated debtors to respondent Addie M. Mauseau. This assignment was signed and acknowledged by Allen, as attorney in fact for all of the subrogated parties, and was also executed and acknowledged by himself personally. Conceding, without deciding, that the power of attorney was not specific enough in its terms to authorize the assignment of the judgment by the various subrogated parties, nevertheless it was effectual as to the interest owned by Allen personally. It is immaterial that his interest in the judgment was a small one, or that it was an undivided interest. He certainly had the right to redeem from the sale under the prior judgment without the joint action of the other creditors. The right of redemption in every

judgment creditor under such circumstances is independent of every other creditor, there being no statutory limitations. It follows that if Allen had the right to redeem he had the right to transfer his interest in the judgment, and thereby confer upon his assignee the same privilege which he himself possessed. Respondent Mauseau, therefore, was entitled to redeem, provided she complied with the statute requirements.

2. By G. S. 1894, § 5474, redemption can be made by paying the required amount to the sheriff or the clerk of the district court, and by producing, first, a properly certified copy of the judgment docket, or the record or files evidencing the lien under which the right to redeem is claimed; and, second, any assignment necessary to establish his claim, verified by the affidavit of some person acquainted with the signature of the assignor. In this case a notice of intention to redeem was filed in the office of the clerk on the day previous to the redemption, which notice referred to the proper title of the case, and recited the entry and docketing of the $50 judgment, and that it had passed into the ownership of subrogated parties. On the day of redemption Mr. Van Brunt, on the respondent's behalf, appeared in the office of the clerk of court and notified the deputy in charge of his intention to redeem. No certified copies of the judgment or papers on file were procured; but the deputy had personal knowledge of the judgments, records, files, dockets, and papers in connection with the $50 judgment, the subrogation of the judgment, the power of attorney of Allen, and the assignment of the judgment by him. Under the holding in Tinkcom v. Lewis, 21 Minn. 132, all that was necessary to produce in order to effect a redemption were the originals. Nothing could have been added by securing certified copies of the same, and under the evidence the original judgment, docket, and the papers on file were produced to such an extent as to meet the statute requirements. The essential thing required by the statute is that the officer through whom redemption is made shall be furnished with the evidence upon which redemption is based. In this case the evidence, consisting of records and files in the office of the clerk, was within the knowledge of the deputy clerk in charge of the redemption, and at the time particular attention was called to the essential papers in arriving at the amount and in designating the proper judgment upon which the redemption was based. The signature of

the assignor Allen to the assignment was properly verified by affidavit, and the redemption was properly made.

We find no errors in the ruling of the court with respect to the various assignments of error.

Order affirmed.