On the 21st day of August 1917, O. Less Alspach and wife executed and delivered to the Federal Land Bank a mortgage on the N.W. 1/4 of section 27, Twp. 156, R. 97, in Williams county, North Dakota. On November 10th, 1917, the said O. Les Alspach and wife executed and delivered to the Farmers Bank of Ray, Ray, North Dakota, a mortgage on said real estate to secure the sum of $1,200. Which mortgage was assigned, to E.M. Hannah, October 26th, 1923, and assigned to the Hannah Mortgage Company, August 25, 1925. The mortgage to the Federal Land Bank was foreclosed by advertisement and the land sold on September 6th, 1924, to the Federal Land Bank for the sum of $2,654.54. On the 6th day of April 1925, the Federal Land Bank filed a notice of additional lien for the sum of $25. On August 10th, 1925, the Federal Land Bank assigned the certificate of foreclosure sale, and notice of additional lien to Geo. A. McGee, the plaintiff.
On the 4th, day of September 1925, Frank E. Fisk, attorney and agent for the Hannah Mortgage Company, produced and presented to the sheriff of Williams county who made the foreclosure sale, the two original assignments of the $1,200 mortgage, being defendant's exhibit "B" and "C," and at the same time he produced a draft for the sum of $2,866.90, and for $27.73, for additional lien that being the amount necessary to redeem from said foreclosure and additional lien. *Page 586 
He asked the sheriff if he would accept the draft in place of currency, and the sheriff stated that he would. On the same day he filed the said assignments in the office of the Register of Deeds of Williams county, and on the 5th day of September 1925, he gave to the sheriff of said county the draft for $2,866.90 and for $27.73 additional lien, and filed a notice of redemption as follows.
 Notice of Redemption, in Duplicate.
TO THE SHERIFF AND REGISTER OF DEEDS OF WILLIAMS COUNTY, NORTH DAKOTA, AND ALL CONCERNED.
Notice is hereby given that the undersigned, Hannah Mortgage Company, a corporation, does hereby redeem from the real estate foreclosure sale made by the sheriff of Williams county, North Dakota on September 6th, 1924, which foreclosure sale was of and concerning a certain mortgage executed by O. Less Alspach and Wife, as mortgagors, to Federal Land Bank as mortgagee, dated August 21st, 1917 and recorded August, 25th, 1917 at 2:42 P.M. in Book 135 of Mortgages at page 346, in the office of the register of deeds of said county, which said mortgage was an incumbrance upon real estate in Williams county, North Dakota, to wit:
The northwest quarter of section twenty-seven, township one hundred fifty-six north of range ninety-seven west of the fifth principal meridian which mortgage was foreclosed and at which foreclosure sale of said mortgage, said Federal Land Bank of Saint Paul became the purchaser of the real estate involved for the sum of $2,654.54.
Said undersigned, Hannah Mortgage Company, claims the right to redeem from said mortgage sale as redemptioner because of the following facts: That said O. Less Alspach and wife executed to Farmers Bank of Ray, Ray, North Dakota, a mortgage on said real estate as herein decribed, which said last mentioned mortgage was dated November 10th, 1917, and recorded in the office of said register of deeds on November 14th, 1917 in Book 142 of Mortgages at page 212; and was given to secure the sum of $1,200 and interest thereon, which said mortgage was thereafter assigned in writing to E.M. Hannah by an instrument dated October 26, 1923, which assignment was recorded in *Page 587 
the office of said register of deeds on September 4th, 1925 at 3:45 o'clock P.M. in Book 195 of assignments being instrument No. 173048 at page ___; which said mortgage was thereafter assigned in writing to Hannah Mortgage Company by an instrument dated August 25th, 1925, which assignment was recorded in the office of said register of deeds on September 4th, 1925, at 3:46 o'clock P.M., in Book 151 of Assignments being instrument No. 173049 at page___, and is a valid and subsisting lien of record in said office, and that nothing has been paid on the debt thereby secured.
That the undersigned is the owner and holder of the said last described mortgage and the debt secured thereby and that under and by virtue of said mortgage, as by the statutes of the state of North Dakota in such case made and provided, is entitled to make redemption of said premises from the mortgage foreclosure sale herein before set forth.
That this notice is made for the purpose of making redemption of said premises sold as aforesaid, and affiant respectfully claims and alleges that the amount now actually due the undersigned on the debt secured by said mortgage last described is the sum of $2,234.87 and interest thereon at ten per cent per annum from September 5th, 1925, which amount this redemptioner is willing to and does hereby allow on his said claim for the purpose of effecting such redemption.
That the amount due the holder of the sheriff's certificate as aforesaid is the sum of $2,866.90, which amount the said undersigned hereby and herewith tenders to the said sheriff of said Williams county, North Dakota, plus $27.73 for additional lien filed October 29, 1924 with interest to date.
In Witness Whereof, the said Hannah Mortgage Company has caused these presents to be executed by Fisk, Craven Taylor, its agents, hereunto duly authorized this fifth day of September 1925.
Hannah Mortgage Company
Per Fisk, Craven Taylor, Its agents, and attorneys in fact.
By Frank E. Fisk, One of its agents and attorney in fact.
State of North Dakota} } ss. County of Williams }
On this 5th, day of September, A.D. 1925, before me, the undersigned *Page 588 
notary public in and for said county and state, personally appeared Frank E. Fisk to me to be the person who is described in and whose name is subscribed to the within instrument as the agent and attorney in fact of Hannah Mortgage Company and acknowledges to me that he subscribed the name of Hannah Mortgage Company thereto as principal and his own name as attorney in fact.
Mildred Sollien Notary Public, State of N.D. My commission expires Nov. 27, 1929.
Seal
(N.P. Seal)
The undersigned sheriff hereby admits due and personal service of the foregoing and annexed duplicate notice of redemption and also that said Hannah Mortgage company tendered and paid to him the sum of $2,894.63 and also served and produced with said notice a note of the record of the mortgage under which said redemptioner claims the right to redeem, certified by the register of deeds of Williams county, North Dakota; and also an affidavit by said Frank E. Fisk, one of the agents for said redemptioner, showing the amount actually due on said mortgage to be as in the foregoing notice stated all of which was done at the courthouse of the city of Williston, this 5th, day of September, A.D. 1925.
A.R. Marshall, As sheriff of Williams Co. N.D. By D.C. Poling, Deputy Sheriff.
State of North Dakota} } ss. County of Williams }
On this 5th, day of September A.D. 1925, before me, the undersigned clerk of court in and for said county, and state, personally appeared D.C. Poling, deputy sheriff of said Williams county, North Dakota, known to me as such, and the person who executed the foregoing instrument as such, and he to me acknowledged that he signed the name of A.R. Marshall thereto as sheriff and his own name as Deputy Sheriff.
Clerk of Court Seal.
Peter J. Erickson Clerk of Court, Williams Co. North Dakota. *Page 589 
State of North Dakota} } ss. County of Williams }
Frank E. Fisk, being first duly sworn on oath, says; that he is one of the agents for Hannah Mortgage Company; that said Hannah Mortgage Company is the owner and holder of a certain real estate mortgage dated November 10th, 1917, recorded in the office of the register of deeds of Williams county, North Dakota, on November 14th, 1917 in Book 142 of Mortgages at page 212, executed by O. Les Alspach and wife as mortgagors to Farmers Bank of Ray, Ray, North Dakota as follows. The northwest quarter of section twenty-seven, township one hundred fifty-six north of range ninety-seven west of the fifth principal meridian, to secure the sum of $1,200 and interest thereon at the rate of ten percent per annum from the date until paid. That no part of said debt has been paid and that there is now due and unpaid on said mortgage and the debt thereby secured the sum of $2,234.87 together with interest at the rate of ten percent per annum from date hereof.
 Frank E. Fisk
Subscribed and sworn to before me this 5th, day of September, A.D. 1925.
Mildred Sollien, Notary Public, Williams Co., North Dakota, My Commission expires November 27, 1929.
 CERTIFICATE OF REGISTER OF DEEDS.
Office of Register of Deeds }
County of Williams } ss. }
I.O.O. Huseby, register of deeds in and for the county of Williams and state of North Dakota, do hereby certify that there appears upon the records of this office a certain real estate mortgage dated November 10th, 1917 and given by O. Les Alspach and wife, as mortgagors, to Farmers Bank of Ray, Ray, North Dakota, as mortgagee, securing the sum of $1,200 and interest thereon, and mortgaging the following premises, situate and being in the said County of Williams and state of North Dakota, to wit: *Page 590 
"The northwest quarter of section twenty-seven, township one hundred fifty-six north of range ninety-seven west, which mortgage was filed and recorded in this office on November 14th, 1917, in Book 142 of Mortgages, at page 212. That the said mortgagee as aforesaid was by an instrument in writing, duly assigned and transferred by said mortgagee to E.M. Hannah by an assignment dated October 26th, 1923, which assignment was recorded in this office on September 4th, 1925, at 3:45 o'clock P.M. in Book 195 of Assignments being instrument No. 173048 at page ___, and by said, assignee assigned to Hannah Mortgage Company by an instrument dated August 25th, 1925, which assignment was recorded in said office on September 4th, 1925, at 3:46 o'clock P.M. in book 151 of Assignments being instrument No. 173049 at page ___. That said mortgage as aforesaid still remains in this office and has not been satisfied or released of record.
"Witness My hand and seal of office at Williston, North Dakota this 5th day of September, A.D. 1925.
(Seal) "O.O. Huseby, Register of Deeds in and for Williams County, North Dakota
On filing the foregoing documents in the office of the sheriff of Williams county, the sheriff accepted the same together with the said draft and issued a certificate of redemption, defendant's exhibit "A." Plaintiff refused to accept the money and petitioned the district court for a writ of mandamus directing the sheriff to issue to the petitioner a sheriff's deed under his certificate of foreclosure sale. The defendant Hannah Mortgage Company interpleaded and after hearing the writ of mandamus was ordered and defendant the Hannah Mortgage Company appeals.
It is the contention of the plaintiff that the redemption of the Hannah Mortgage Company is invalid for the reason that a copy of the assignments of the $1,200 mortgage necessary to establish the claim of the Hannah Mortgage Company was not produced to the officer making the sale and was not served with notice of redemption on the sheriff. The Hannah Mortgage Company admits that copies of assignments were not produced and were not served with notice of redemption but insists that there was a substantial compliance with the statute, "that instead *Page 591 
of producing copies of the assignment to the officer it produced the originals, regular on their face, acknowledge before a notary public, and a higher class of evidence than copies." "That the affidavit of the attorney and agent of the Hannah Mortgage Company, a certificate of the register of deeds and the notice of redemption each contains all the information that would be found in copies of the assignments and that the affidavit of Frank Fisk as agent and attorney for the Hannah Mortgage Company is a substantial compliance with the statute requiring an affidavit of the holder of the assignment. That section 7760 is for the benefit of the sheriff, and junior mortgagees and can be taken advantage of by no one else." On account of the claims of the parties, we have included herein the record of the redemption on the part of the Hannah Mortgage Company, first, is exhibit "B" original assignment of the $1,200 mortgage from Farmers Bank of Ray to E.M. Hannah, regular on its face executed and acknowledged on the 26th day of October 1923, being one of the original assignments produced to the sheriff. Exhibit "C" assignment of $1,200 mortgage by E.M. Hannah to the Hannah Mortgage Company executed and acknowledged on the 25th day of August 1925, being the other assignment of mortgage exhibited to the sheriff on the 4th day of September 1925. The assignments show that they were filed for record in the office of the register of deeds of Williams county on the 4th day of September 1925. These assignments prove conclusively that the Hannah Mortgage Company was a redemptioner on the 4th and 5th days of September 1925, and that part of the statute requiring the redemptioner to produce copies of assignments was complied with by the production of the originals. The notice of redemption served upon the sheriff made in duplicate and filed in the office of the register of deeds of Williams county contains all the information that there is in the assignments. It describes the mortgage given to the Federal Land Bank, gives the names of the mortgagee and mortgagors, gives its date, the date of its record and the book and page in the office of register of deeds in which it is recorded, it describes the mortgaged land, states that the mortgage was foreclosed and the land sold to the Federal Land Bank of St. Paul for the sum of $2,654.54. After presenting the original assignments to the sheriff they were immediately taken to the office of register of deeds and filed for record by Mr. Fisk, and under *Page 592 
§ 5558, Comp. Laws 1913. "They were deemed to be recorded when they were deposited in the register's office with the proper officer for record," and under § 5559, Comp. Laws 1913, "Such deposit for record was constructive notice of the execution acknowledgment and recording of the assignments." Immediately thereafter a certificate was prepared by the register of deeds signed and sealed with the seal of his office, which contains all the evidence that there would be if copies of the assignment were made. A certificate which more than complies with that part of subdivision 1, which reads as follows: "If he redeems upon a mortgage or other lien a note of the record certified by the register of deeds." It contains a description of the $1,200 mortgage, its date, the names of the mortgagors, the mortgagee, the amount, a description of the property mortgaged, the date, when it was filed and recorded, and the book and page wherein recorded in the office of register of deeds. It described the assignments, names the assignees, gives the numbers of the instruments and the book in which the instruments were recorded, and further states that the mortgage is unsatisfied and of record in said office.
Plaintiff relies on the case of Summerville v. Sorrenson,23 N.D. 460, 42 L.R.A.(N.S.) 877, 136 N.W. 938. In that case the sheriff refused to accept the proof offered by the redemptioner and refused to issue a certificate of redemption because of a defective note of the record of mortgage made by a deputy register of deeds. Section 7760 is primarily for the benefit of the sheriff, junior redemptioners (and certificate holders against persons not entitled to redeem).
Plaintiff also relies on the case of State ex rel. Brooks Bros. v. O'Connor, 6 N.D. 285, 69 N.W. 692, the question involved in that case was the construction of statute of limitation providing that a redemptioner must redeem within 60 days after the last redemption. The redemptioner did not redeem within the 60 days and therefore was cut off by the statute of limitation. There is no such question involved in the case at bar, it is admitted that the redemption was in time.
In the case of Fox v. Nelson, 30 N.D. 589, 153 N.W. 395, this court said:
"We must start with the premise that the North Dakota redemption statute `is remedial in its nature, and is intended, not only for the benefit of creditors holding liens subsequent to a lien in process of foreclosure, *Page 593 
but more particularly for the purpose of making the property of the debtor pay as many of his debts as it can be made to pay, and to prevent its sacrifice, and should be liberally construed.' North Dakota Horse Cattle Co. v. Serumgard, 17 N.D. 466, 29 L.R.A.(N.S.) 508, 138 Am. St. Rep. 717, 117 N.W. 463; 27 Cyc. 1800. Also that mortgaged real estate which is transferred to a subsequent purchaser with recorded notice of encumbrances becomes `In equity a primary fund for the payment of the mortgage debt.' Colonial U.S. Mortg. Co. v. Flemington, 14 N.D. 181, 116 Am. St. Rep. 670, 103 N.W. 929; Paine v. Dodds, 14 N.D. 189, 116 Am. St. Rep. 647, 103 N.W. 931."
The principle thus stated applies to the entire law relating to the redemption of property. The court quotes with approval from a South Dakota decision. Spackman v. Gross, 25 S.D. 244, 126 N.W. 389, as follows: "The notice to be filed by a redemptioner, says the supreme court of South Dakota in construing a similar statute, is for the benefit of the person filing it, as its filing is the beginning of a brief period of limitation of which he may take advantage as against other redemptioners. But under this statute the redemption and the filing of the notice of redemption are distinct acts. As against the person from whom redemption is made, no notice is necessary. The notice is only operative and necessary as against other redemptioners, and their right to redeem can be barred only by filing the notice ofredemption as required by the statute. The failure to file the notice of redemption does not render the redemption itself irregular or illegal. It merely leaves the rights of otherredemptioners unaffected."
The court further says: "The defendant in this case is not in any way prejudiced in so far as his claim or security is concerned, but merely, if at all, in his rights as a speculator, and in such a court of equity is but little concerned. If he receives the amount of his claim with statutory 12 per cent interest, it is all that he can reasonably demand."
The case of Fox v. Nelson follows the case of the North Dakota Horse Cattle Co. v. Serumgard, supra. Serumgard being a junior redemptioner seeking to redeem, and in which this court quotes from the case of Bridgeport v. Blinn, 43 Conn. 274, as follows: "The law intends to apply the property of debtors to the payment of their debts. Burns owes Blinn about $400, and has secured payment of the debt by *Page 594 
the mortgage of land worth $1,500. He owes the petitioner about $250. This land, upon every equitable principle, should be disposed of so as to pay both debts; and this can be done without violence to Blinn's right. He allowed Burns to become his debtor. He took a mortgage by way of security for his claim. All that he is entitled to is payment. The decree passed in his favor reserved to Burns the right of pay and redeem. If the mortgage performs its office, first in securing, and lastly in paying, the debt, Blinn can ask for no more. After payment the land should go back to the mortgagor, or his representative, or to his creditors. The tender by the petitioner prevented the title from becoming absolute in Blinn, preventing him from obtaining the inequitable right to retain as against other creditors of Burns' land worth $1,500 for a debt amounting to less than $250." See also Williams v. Lash, 8 Minn. 496, Gil. 441; Van Rensselaer v. Sheriff, 1 Cow. 501, and Atwater v. Manchester Sav. Bank,45 Minn. 345, 12 L.R.A. 741, 48 N.W. 187.
In this case Judge Spaulding has reviewed at length the decisions of the courts on redemption statutes, and specifically shows that the decisions of the California court are not applicable, for the reason that in California there is no foreclosure and sale of property under a mortgage except by action and sale is by execution, the distinction being that in a sale on execution the purchaser is substituted to, and acquires all the rights, title, interest and claim of the judgment debtor thereto; subject to redemption only while under the sale by advertisement the purchaser has a lien until the sale is completed by the execution of a deed.
In 1915 the legislature amended § 8084, Comp. Laws 1913, relating to sheriff's certificate on mortgage foreclosure sale, and § 7751, Comp. Laws 1913, relating to sales on execution but left the same distinction between the two laws, which judge Spaulding points out in the North Dakota Horse Cattle Co. v. Serumgard. Session Laws 1915, pages 324, 325. In the case of Hunter v. Mauseau, 91 Minn. 124, 97 N.W. 651, the Minnesota court said: "Under the holding in Tinkcom v. Lewis, 21 Minn. 132, all that was necessary to produce in order to effect a redemption were the originals. Nothing could have been added by securing certified copies of the same, and under the evidence the *Page 595 
original judgment, docket, and the papers on file were produced to such an extent as to meet the statute requirements."
In Todd v. Johnson, 50 Minn. 310, 52 N.W. 864, the same court said: "The statute does not contemplate that the notice of intention to redeem, or the papers mentioned in section 14, shall be part of the redemptioner's muniments of title. They are to serve a temporary purpose. No provision is made for recording any of them. The omission of any of those things would be an irregularity that might entitle a party prejudiced by or having the right to complain of it, to have the redemption canceled in an action brought for that purpose."
In the late case of Rambeck v. La Bree, 156 Minn. 310, 194 N.W. 643, the Minnesota court said: "The purpose of filing the redemption papers is to inform other lien creditors of the amount they will have to pay if they choose to redeem. The statute is intended for their protection, and they alone can take advantage of a noncompliance with its terms. Wilson v. Hayes, 40 Minn. 531, 4 L.R.A. 196, 12 Am. St. Rep. 754, 42 N.W. 467."
These cases are in harmony with the case of North Dakota Horse Cattle Co. v. Serumgard, and Fox v. Nelson, supra. There is no question but what the defendant Hannah Mortgage Company acted in entire good faith, and is a redemptioner under the law entitled to redeem.
The plaintiff is not a redemptioner, § 7760 is not intended for his benefit, except as against persons not entitled to redeem and if there were any irregularities he cannot be heard to complain. His rights are protected under § 7754 which provides: "That the judgment debtor or redemptioner may redeem the property from the purchaser within one year after the sale upon paying the purchaser the amount of his purchase with interest." And § 7759 which provides that the payment may be made to the purchaser or for him, to the officer who made the sale. The full amount of plaintiff's claim including interest was paid to the officer who made the sale and who holds the same, for the plaintiff.
This is all that the plaintiff is entitled to, and the judgment must be and is reversed, and the writ of mandamus denied.
CHRISTIANSON, Ch. J., and BIRDZELL, JOHNSON, and NUESSLE, JJ., concur. *Page 596